OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendants for an order granting them permission to reargue a prior motion heard by this court which resulted in an order permitting the plaintiffs to serve an amended complaint.
The original underlying action was commenced by the plaintiffs for damages allegedly sustained as a result of the purchase of a 1979 Ford tractor trailer by the plaintiffs from defendant Orange Motors Company, Inc.
The plaintiffs sought to amend their complaint to assert an additional cause of action under the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act (88 US Stat 2183) which is applicable to all consumer products manufactured after July 4, 1975. If plaintiffs prevail in the action, the court may grant as part of the judgments, costs and expenses including attorneys’ fees determined by the court to have been reasonably incurred.
The defendants seek reargument of the prior decision on the contention that an examination before trial of Richard Walsh clearly established that the plaintiffs purchased the truck in question for interstate commercial trucking purposes and not for ordinary consumer use and therefore the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act does not apply to the plaintiffs’ claim.
*547 The defendants did not include any of the testimony of Richard Walsh in their opposition to the original motion although a copy of the transcript of said testimony was in their possession. There is no excuse offered to this court for not submitting the testimony with defendants’ original opposing papers.
In most instances, a motion to reargue must be denied where the movant fails to provide the required explanation of why the newly presented facts were not presented on the earlier motion (Matter of Hooker v Town Bd. of Town of Guilderland, 60 AD2d 684).
However, after reviewing the original papers which were before the court, including the complaint, this court is now of the opinion that the original decision was not supported by the facts and the law.
The “Magnuson-Moss Warranty — Federal Trade Commission Improvement Act” provides in part as follows (US Code, tit 15, ch 50, § 2301, subd [1]): “The term ‘consumer product’ means any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes”.
It is now the opinion of this court that sections 2301 through 2312 of title 15 of the United States Code do not apply to property such as a tractor trailer which is normally used for a commercial use of trucking.
The plaintiffs in their complaint at paragraph 17 state: “Defendant knew prior to the sale of the vehicle in question that plaintiffs’ business was to haul materials and that the tractor was to be used for such purpose”.
The motion of the defendants for reargument is therefore granted and the plaintiffs’ original motion to amend their complaint is now denied.