■ KENNETH J. HEMMING et al., and All Others Similarly Situated, Respondents-Appellants, v CERTAINTEED CORPORATION et al., Appellants-Respondents, et al., Defendant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: These appeals are from two companion class actions brought by plaintiffs seeking money damages for harm allegedly caused to their homes by defective siding systems manufactured by defendants. Certain of the defendants appeal the denial of their motions to dismiss the complaint for failure to state a cause of action for strict liability, negligence and breach of express warranty. Plaintiffs, in both actions, cross-appeal the same orders insofar as they granted dismissal of the causes of action for class and individual relief for deceptive business acts and false advertising (General Business Law, §§ 349, 350) and from those parts of the orders dismissing their claims for the costs of re-siding their homes. Special Term held that a claim was stated in both negligence and strict liability for property damage caused to the homes but not to the siding system itself except to the extent the replacement of siding was necessary to repair damage to other parts of the homes. Special Term erred in reaching this conclusion. In *Schiavone Constr. Co. v Mayo Corp.* (56 NY2d 667, revg 81 AD2d 221 on dissenting opn below), the Court of Appeals adopted limitations on tort recovery based on product failure. The court held that, when damage suffered by a plaintiff is the result of a nonaccidental cause, such as deterioration or breakdown of the product itself, the injury is properly characterized as "economic loss" and plaintiff is relegated to contractual remedies. This decision reflects the principle that defects related to the quality of the product, e.g., product performance, go to the expectancy of the parties (loss of bargain) and are not recoverable in tort (see, also, *Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5; *Hole v General Motors Corp.,* 83 AD2d 715; *Dudley Constr. v Drott Mfg. Co.,* 66 AD2d 368). Moreover, the "economic loss" rule applies equally to negligence and strict liability causes of action and includes the direct and consequential damages which may result from product nonperformance (*Cayuga Harvester v Allis-Chalmers Corp., supra*). In short, these decisions relegate "economic loss" claims to the law of contracts and warranty which governs the economic relations between suppliers and consumers of goods. (Accord *Queensbury Union Free School Dist. v Walter Corp.,* 94 AD2d 834; *Jones & Laughlin Steel Corp. v Johns-Manville Sales Corp.,* 626 F2d 280, 289-290; see, also, *Moorman Mfg. Co. v National Tank Co.,* 91 Ill 2d 69; *Seely v White Motor Co.,* 63 Cal 2d 9). The essence of plaintiffs' claims is that the shingles, sheathing and nails ("siding systems") did not perform properly to protect their homes and, as a consequence, they have suffered direct loss to the siding itself and consequential damages to their homes. Their negligence and strict liability claims are properly characterized as being for "economic loss" due to product failure. Accordingly, Special Term erred in failing to dismiss those causes of action (CPLR 3211, subd [a], par 7). (Appeals from order of Supreme Court, Monroe County, Smith, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.