■ ANTEL OLDSMOBILE-CADILLAC, INC., Appellant, v SIRUS LEASING COMPANY, DIVISION OF SIRUS ENTERPRISES, INC., et al., Defendants, and WANG LABORATORIES, INC., Respondent. — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Plaintiff commenced the within action against defendants for breach of implied warranties of merchantability and fitness (first and second causes of action), strict products liability (third and fourth causes of action) and negligence (seventh cause of action) after a computer system manufactured by defendant Wang and leased from defendant Sirus broke down causing the erasure of stored bookkeeping, inventory and financial data. Special Term properly dismissed the third, fourth and seventh causes of action against

Wang, for failure to state a cause of action (CPLR 3211, subd [a], par 7), since recovery is sought not for physical damage to person or property resulting from an accidental cause, but for "economic damages" only (see *Cayuga Harvester v Allis-Chalmers Corp.*, 95 AD2d 5, 25-26). "[W]hen damage suffered by a plaintiff is the result of a nonaccidental cause, such as deterioration or breakdown of the product itself, the injury is properly characterized as 'economic loss' and plaintiff is relegated to contractual remedies." (*Hemming v Certainteed Corp.*, 97 AD2d 976; see, also, *Schiavone Constr. Co. v Mayo Corp.*, 56 NY2d 667, revg 81 AD2d 221 on dissenting opn below; *Estruch v Volkswagenwerk, AG.*, 97 AD2d 977.) ¶ Special Term also granted Wang's motion to dismiss the first and second causes of action. "[P]leadings * * * survive a motion to dismiss so long as they give the court and the parties notice of what is intended to be proved and the material elements of each cause of action". (*Meese v Miller*, 79 AD2d 237, 244.) Here privity of contract between plaintiff and Wang is an essential element of the first two causes of action (*Martin v Dierck Equip. Co.*, 43 NY2d 583, 589; *Manufacturers & Traders Trust Co. v Stone Conveyor*, 91 AD2d 849). In the first cause of action plaintiff alleges that the "lease was made conjunctively with the purchase by the Defendant Sirus from the Defendant Wang of the same computer system equipment, and as part of a total transaction with Defendant Sirus action [*sic*] as a conduit, instrumentality and/or agent of Defendant Wang and the Plaintiff was required to pay sales tax on the equipment in the amount of $3,090.00 in connection with this transaction." In our view these allegations sufficiently assert that Sirus acted as Wang's agent in leasing the computer system to plaintiff to constitute a claim of privity between plaintiff and Wang (see CPLR 3013; see, generally, Manner and sufficiency of pleading agency in contract action, Ann., 45 ALR2d 583, 591-594). Because the first cause of action is based on the alleged breach of a written agreement, the applicable limitations period is six years (CPLR 213, subd 2), and the action is not barred since it was commenced within that period. The second cause of action, on the other hand, was properly dismissed, since it is not alleged that defendant Schroeder & Gucker acted as Wang's agent when plaintiff contracted with Schroeder & Gucker for computer software. ¶ Finally, plaintiff contends that Special Term erred in granting Wang's motion to dismiss "on the merits". The dismissal of the tort causes of action constitutes a final determination since these causes do not exist. The second cause of action, however, was dismissed because of plaintiff's failure properly to plead privity. Such dismissal, therefore, is without prejudice to the right of plaintiff to apply at Special Term upon a proper showing for leave to plead again (*Sanders v Schiffer*, 39 NY2d 727; see CPLR 3211, subd [e]; see, also, *Rochester Poster Adv. Co. v Town of Penfield*, 51 AD2d 870; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 3211.32, 3211.33). (Appeal from order of Supreme Court, Ontario County, White, J. — dismiss causes of action.) Present — Hancock, Jr., J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.