■ UTICA OBSERVER DISPATCH, INC., Respondent, v EDMUND J. BOOTH et al., Defendants, and GITZEN COMPANIES, INCORPORATED, et al., Appellants. — Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term erred in denying defendant Rusmar Sales Company's motion for summary judgment. There was no privity between defendant Rusmar and plaintiff and absent privity there can be no recovery for breach of implied warranty (see Uniform Commercial Code, §§ 2-314, 2-315; *Jaffe Assoc. v Bilsco Auto Serv.,* 58 NY2d 993, affg 89 AD2d 785; *Pronti v DML of Elmira,* 103 AD2d 916, 917; *Hole v General Motors Corp.,* 83 AD2d 715, 716). The motion of defendant Gitzen Companies, Incorporated was properly denied, however, inasmuch as there was privity. The record establishes that Gitzen purchased the product for its own account and resold it to the general contractor for use in plaintiff's building. While the invoice lists the general contractor as purchaser it is evident that the contractor purchased the product, not for its own account, but as agent for the owner. Contrary to plaintiff's argument on appeal, we find no basis in the record for a claim of breach of express warranty against Rusmar or Gitzen. As contrasted with *Randy Knitwear v American Cyanamid Co.* (11

NY2d 5), there is no allegation in the complaint of any specific representation in the sales literature upon which plaintiff relied.

Additionally, Special Term erred by granting plaintiff leave to amend its complaint to assert a cause of action based on negligence. A claimant seeking to recover for economic loss resulting from the nonperformance of a product is relegated to the law of contracts and may not sue in negligence (*Antel Oldsmobile-Cadillac v Syrus Leasing Co.*, 101 AD2d 688, 689; *Mid-Hudson Mack v Dutchess Quarry & Supply Co.*, 99 AD2d 751, 753; *Hemming v Certainteed Corp.*, 97 AD2d 976, app dsmd 61 NY2d 758; *Estruch v Volkswagenwerk, AG.*, 97 AD2d 977). (Appeals from order of Supreme Court, Oneida County, Hayes, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.