■ GARY BURNELL et al., Appellants, v MORNING STAR HOMES, INC., Defendant, and STANDARD MANUFACTURED HOMES, INC., et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered November 15, 1984 in Franklin County, which, *inter alia,* granted a motion by defendants Standard Manufactured Homes, Inc., and Standard Coach Company, Inc., for partial summary judgment.

Plaintiffs purchased a "Holiday Cottage" mobile home from defendant Morning Star Homes, Inc. (Morning Star) on March 29, 1979. The mobile home was manufactured and distributed for sale by defendants Standard Coach Company, Inc. (Standard Coach) and Standard Manufactured Homes, Inc. (Standard Manufactured). The sales contract included a limited

warranty which provided, *inter alia:* "The remedies afforded by this warranty are expressly limited to the replacement or repair of parts defective as above stated. Standard Coach Company, Inc. *expressly disclaims* any responsibility or liability for *consequential damages* arising from the use, operation, or transportation of any Standard Coach Mobile Home, or parts thereof, including loss of time, inconvenience, expenses for gasoline, telephone, travel, lodging, loss or damage to personal property or loss of revenue" (emphasis in original).

Plaintiffs claimed several defects in the mobile home, which Standard Manufactured and Morning Star attempted to repair on several occasions. Contending that the attempted repairs failed to correct the defects, which resulted in exposure to rain and freezing of pipes during cold spells, plaintiffs commenced this action for breach of express, implied and statutory warranties, breach of contract, negligence and strict products liability. As items of damage, plaintiffs claimed counsel fees, consequential damages, pain and suffering, punitive damages, aggravation of a preexisting heart condition, telephone bills and lost employment. Although the mobile home cost $27,500, plaintiffs demanded $100,000 for their causes of action "first" through "fourth", and $250,000 for their strict liability and negligence claims.

Standard Manufactured and Standard Coach (hereinafter defendants) moved for partial summary judgment dismissing plaintiffs' "fourth" and "fifth" causes of action and plaintiffs' claims for aggravation of a preexisting heart condition, emotional distress, mental anguish, pain and suffering, consequential damages, counsel fees and punitive damages. Plaintiffs cross-moved to amend their complaint to include an action based under the Federal Warranty Act. Special Term granted defendants' motion, but also allowed plaintiffs to amend their complaint. Plaintiffs appeal the order granting defendants' motion.

The consequential damages claimed by plaintiffs are expressly disclaimed by the provision of the sales contract previously quoted *(Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5). Plaintiffs contend that such limitation or exclusion is unconscionable under UCC 2-719 (3) because defendants enjoyed a superior bargaining power. The mere exercise of superior bargaining power, however, is not a sufficient basis for a finding of unconscionability *(Fleischmann Distilling Corp. v Distillers Co.,* 395 F Supp 221, 232).

We likewise agree with Special Term's dismissal of plain-

tiffs' causes of action for negligence and strict products liability. These causes of action are tortious in nature and not sustainable where the claim arises from a breach of duty to repair the mobile home. This duty is not independent of the contractual relationship and no action based on defendants' conduct should be permitted in tort *(cf. Motif Constr. Corp. v Buffalo Sav. Bank,* 50 AD2d 718, 719, *appeal dismissed* 38 NY2d 894).

Furthermore, the loss alleged is properly characterized as "economic loss" which is recoverable only as damages which flow from breach of contract *(Antel Oldsmobile-Cadillac v Sirus Leasing Co.,* 101 AD2d 688, 689). Only where physical damage results from an accident caused by an unduly dangerous product should tort liability be allowed *(Schiavone Constr. Co. v Elgood Mayo Corp.,* 81 AD2d 221, 228-229 [dissenting opn], *revd on dissenting opn below* 56 NY2d 667). Here there was no accident. The damages alleged flowed from the deterioration of the mobile home itself and defendants' alleged failure to make proper repairs. Plaintiffs' damages are properly limited to those flowing from breach of contract, which can reasonably be foreseen by the parties when the contract was formulated (36 NY Jur 2d, Damages, § 39, at 66). Aggravation of plaintiffs' preexisting heart condition, pain and suffering, and emotional distress are not recoverable as such in a breach of contract action *(Boyce v Greeley Sq. Hotel Co.,* 228 NY 106, 111).

Lastly, plaintiffs are not entitled to counsel fees, except under the Federal Warranty Act (15 USC § 2310 [d]), or to punitive damages *(Bader's Residence for Adults v Telecom Equip. Corp.,* 90 AD2d 764). The order of Special Term should therefore be affirmed.

Order affirmed, with costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.