■ COUNTY OF CHENANGO INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents, v LOCKWOOD GREENE ENGINEERS, INC., et al., Respondents-Appellants; HARRIS & EVERY, INC., Respondent, and W. R. GRACE & COMPANY, Appellant-Respondent, et al., Defendants.—Casey, J. Cross appeals from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered December 5, 1984 in Chenango County, which partially granted the motions of defendants W. R. Grace & Company and Henderson-Johnson Company, Inc., to dismiss portions of the complaint and various cross claims asserted against said defendants.

Plaintiffs seek recovery under principles of products liability for damages allegedly sustained when the roof on their newly constructed manufacturing plant developed severe leaks. Our main task on this appeal is to determine whether the allegations of plaintiffs' complaint, as amplified by the papers submitted on the motions to dismiss, are sufficient to state the various causes of action asserted against defendant Henderson-Johnson Company, Inc. (Henderson) and defendant W. R. Grace & Company (Grace).

In the area of products liability, New York has recognized that, depending upon the factual context in which the claim

arose, a plaintiff may assert causes of action based upon breach of express or implied contract, negligence or strict products liability *(e.g., Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 400). Here, plaintiffs allege, *inter alia,* that Zonolite roofing material manufactured by Grace and installed by Henderson was defective, resulting in cracks, splits and leaks in the roof which required replacement of the defective Zonolite and the other roofing components. Seeking damages for the cost of repairing and replacing the roof and for lost profits, plaintiffs assert causes of action based upon breach of warranty, express and implied *(see,* UCC 2-313, 2-314, 2-315), negligence and strict products liability against defendants. We conclude that the factual context in which the claim arose limits the causes of action which plaintiffs can assert against Henderson and Grace.

Turning first to Henderson, the factual allegations of the pleadings establish that Henderson was engaged primarily to install Zonolite roofing material and that any transfer of personal property was purely incidental to the performance of this service. This transaction, therefore, was predominantly service-oriented and falls outside the provisions of UCC article 2 *(Schenectady Steel Co. v Trimpoli Gen. Constr. Co.,* 43 AD2d 234, 236-237, *affd* 34 NY2d 939). Thus, plaintiffs have no cause of action for breach of express or implied warranty *(Milau Assoc. v North Ave. Dev. Corp.,* 42 NY2d 482, 485). Nor may they seek recovery based upon strict products liability *(Van Iderstine v Lane Pipe Corp.,* 89 AD2d 459, 463; *Gobhai v KLM Royal Dutch Airlines,* 85 AD2d 566, *affd* 57 NY2d 839), particularly in the absence of any personal injuries and any policy considerations favoring the imposition of strict tort liability *(see, Milau Assoc. v North Ave. Dev. Corp., supra,* pp 488-489). Rather, in seeking recovery of their economic loss, plaintiffs, as the owner and tenant of the building, have a single cause of action against the subcontractor allegedly responsible for improper performance of a construction contract, and that cause of action is based upon the traditional negligence standard—reasonable care and competence owed generally by practitioners of the trade, unless the contract calls for a higher standard of performance *(id.,* p 486).

As to Grace, the pleadings establish that the manufacturer of Zonolite was engaged primarily to supply Zonolite and that any service performed by Grace was purely incidental to the transfer of Zonolite. The principles governing sales, therefore, are applicable to the causes of action asserted against Grace. New York courts have generally refused to allow recovery

under strict products liability or negligence principles for economic loss sustained when, as here, an allegedly defective product deteriorates or fails to perform properly *(e.g., Schiavone Constr. Co. v Mayo Corp.,* 56 NY2d 667, 669, *revg on dissenting opn below* 81 AD2d 221; *Hemming v Certainteed Corp.,* 97 AD2d 976; *Hole v General Motors Corp.,* 83 AD2d 715).* Nor is recovery for economic loss allowed under breach of implied warranty in the absence of privity *(Jaffee Assoc. v Bilsco Auto Serv.,* 58 NY2d 993, 994), and we find the allegations of plaintiffs' complaint insufficient to establish privity *(compare, Antel Oldsmobile-Cadillac v Sirus Leasing Co.,* 101 AD2d 688, 689, *with Hole v General Motors Corp., supra,* p 716).* As to plaintiffs' cause of action for breach of express warranty, however, the lack of privity is not fatal, for plaintiffs have alleged that Grace made specific representations in advertising and sales literature upon which plaintiffs relied *(see, Randy Knitwear v American Cyanamid Co.,* 11 NY2d 5, 14; *cf. Hole v General Motors Corp., supra,* pp 716-717).* Liberally construed, plaintiffs' complaint also alleges that Grace negligently misrepresented its product, allegations that we find separate and distinct from those asserting negligence in the sale or transfer of a defective product. Accordingly, as to Grace, we conclude that plaintiffs have causes of action based upon breach of express warranty and negligent misrepresentation and that the remaining causes of action against Grace should be dismissed.

Turning to the cross claims, we agree with Special Term's dismissal of the cross claims against Grace and Henderson seeking indemnity and with its denial of the motion to dismiss the cross claims seeking contribution *(see, Garrett v Holiday Inns,* 58 NY2d 253).

Special Term's order should be modified in accordance with the decision herein and, as so modified, affirmed.

Order modified, on the law, without costs, by reversing so much thereof as denied the motions of defendants W. R. Grace & Company and Henderson-Johnson Company, Inc., to dismiss plaintiffs' fifth, seventh, twelfth and thirteenth causes of action against them; motions granted as to those causes of action, except insofar as the seventh cause of action alleges negligent misrepresentation against defendant W. R. Grace & Company; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.