■ Margaret Butler, on Behalf of Herself and All Others Similar Situated, Appellant, v Caldwell & Cook, Inc., Respondent. Lynn E. Cicon, on Behalf of Herself and All Others Similarly Situated, Appellant, v Caldwell & Cook, Inc., Respondent. Donna J. Meisenzahl, on Behalf of Herself and All Others Similarly Situated, Appellant, v Ryan Homes, Inc., et al., Respondents. Ryan Homes, Inc., Third-Party Plaintiff-Respondent, v United States Gypsum Company et al., Third-Party Defendants-Respondents. Richard R. Falbo et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v Domus Development Corp. et al., Respondents and Third-Party Plaintiffs-Respondents. Weyerhaeuser Company et al., Third-Party Defendants-Respondents. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Plaintiffs in these class actions sue the builders of their homes for damages sustained as the result of defective siding and sheathing. Special Term properly dismissed the causes of action sounding in negligence and strict products liability. Neither cause of action lies for recovery of "economic loss" due to product failure *(see, Hemming v Certainteed Corp.,* 97

AD2d 976, *appeal dismissed* 61 NY2d 758; *Queensbury Union Free School Dist. v Walter Corp.,* 94 AD2d 834).

The causes of action labeled "Express Warranty" were properly dismissed because of the failure to state the terms of the warranties and plaintiffs' reliance thereon, and because they are duplicative of the later causes of action labeled "Common Law Express Warranties".

The causes of action based on implied warranties of fitness for use were properly dismissed. Any cause of action plaintiffs may have based upon an implied warranty arising from the sale of a new home is encompassed in the later causes of action labeled "Implied Warranty—Workmanlike Construction and Habitability".

The causes of action alleging deceptive business practices (General Business Law § 349 [h]; § 350-d [3]) were properly dismissed because of the failure to state facts showing that plaintiffs relied to their detriment upon deceptive practices occurring after the effective date of the statute *(see, Burns v Volkswagen of Am.,* 118 Misc 2d 289, *affd* 97 AD2d 977; *Estruch v Volkswagenwerk, AG.,* 97 AD2d 977, *lv dismissed* 61 NY2d 904).

The causes of action based upon breach of implied warranties of workmanlike construction and habitability were properly dismissed as to those plaintiffs who lacked privity with defendants *(see, Miller v General Motors Corp.,* 99 AD2d 454, *affd* 64 NY2d 1081; *Jaffee Assoc. v Bilsco Auto Serv.,* 89 AD2d 785, *affd* 58 NY2d 993).

Also properly dismissed were the causes of action in favor of remote purchasers based on express warranties. No facts were pleaded indicating that the warranties were for the benefit of third parties.

The remaining causes of action, those predicated upon breach of express warranties and breach of implied warranties of workmanlike construction and habitability in favor of plaintiffs who purchased from the builder, were properly dismissed with leave to replead. As to many of the plaintiffs in the class actions, the causes of action may be time barred. Under the circumstances, the failure to state when each of the homes was purchased renders the complaints defective because the statements are not "sufficiently particular to give the court and parties" notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and failed to "identify the transaction * * * with sufficient precision to enable the court to control the case and the opponent to prepare" (4 Carmody-Wait 2d, NY Prac § 27:13).

In view of the dismissal of the complaints, plaintiffs' cross motions were properly denied. (Appeals from order of Supreme Court, Monroe County, Tillman, J.—dismiss cause of action.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.