■ ROBERT A. RICHMAN et al., Respondents, v HARVEY ALBERT et al., Appellants.—Judgment unanimously reversed on the law and facts with costs and complaint dismissed. Memorandum: Following a nonjury trial defendants appeal from a judgment based on fraud and strict products liability.

We reverse and dismiss the complaint. Before plaintiffs submitted a purchase offer on a house in Manlius, New York, they retained an architect to inspect the premises and to report its condition. By a report dated March 12, 1976, the architect indicated that the construction did not meet the standards expected for a house of similar size and price. Nevertheless, on that date plaintiffs made a purchase offer which was accepted on March 16, 1976. Subsequently, plaintiffs received an unsolicited letter from the builder of the home, defendant Harvey Albert, dated April 22, 1976, in which he articulated his thoughts and conclusions regarding the house.

Plaintiffs' proof fails to establish by clear and convincing evidence their fraud cause of action (see, Simcuski v Saeli, 44 NY2d 442). Plaintiffs' entire fraud claim is based on the April 22, 1976 letter. The proof, however, establishes that plaintiffs signed the purchase offer before they received Albert's letter. Little credence should be given to plaintiffs' testimony that if they had known the "truth", they would not have gone through with the closing. Plaintiffs relied upon their architect, not on defendants, in deciding to purchase the property, and they have settled their claims against him for any errors. Moreover, contrary to Trial Term, we find in the letter no misrepresentation of any material fact nor was there justifiable reliance on the part of the plaintiffs (see, Pickard & Anderson v Young Men's Christian Assn., 119 AD2d 976).

Plaintiffs' cause of action for strict products liability must also be dismissed because mere economic loss is not recoverable (Schiavone Constr. Co. v Mayo Corp., 56 NY2d 667). Since plaintiffs' damages flow from the deterioration of the house itself, rather than personal injuries resulting from an accident caused by a defective product, recovery in tort is unavailable (Butler v Caldwell & Cook, 122 AD2d 559; Burnell v Morning Star Homes, 114 AD2d 657, 659). (Appeal from judgment of Supreme Court, Onondaga County, Hurlbutt, J.—negligence and fraud.) Present—Doerr, J. P., Denman, Boomer and Lawton, JJ.