**Bernard RUBIN, Plaintiff,**

v.

**TELEMET AMERICA, INC., Defendant.**

**No. 87 Civ. 6467 (JMW).**

United States District Court,
S.D. New York.

April 11, 1988.

**448**

Richard C. Clifford, New York City, for plaintiff.

James Wallace, Wiley, Rein & Fielding, Washington, D.C., Robert Kaplan, Kaplan, Kilsheimer & Foley, New York City, for defendant.

## MEMORANDUM AND ORDER

WALKER, District Judge:

This case is currently before the Court on Telemet America's motion for summary judgment. For the reasons stated below, the Court grants defendant's motion in part and denies it in part.[1]

The underlying facts to this dispute are quite simple. On January 21, 1986, plaintiff, a former tax accountant, purchased a Pocket Quote Pro receiver to assist him in monitoring market information. The warranty included with the pocket quote provides:

The Pocket Quote is fully guaranteed for a period of one year from the date of

purchase ... this warranty entitles you to Free Service as well as Parts Exchange for one year, ... This warranty is in lieu of others expressed or implied ...

On the other side of the warranty under the heading "READ CAREFULLY" is the following:

The Company [Telemet] does not guarantee the sequence, accuracy or completeness of any market information or other information furnished. The Company shall not be liable to us or to any other person, firm or corporation whatsoever, for any delays, inaccuracies, errors or omissions in any market information or other information furnished or in the transmission thereof, or for any damages, direct or consequential, arising therefrom or occasioned thereby, whether or not resulting from negligence on their part, nor in any event, including their own negligence shall the Company be liable beyond the amount of loss or damage, or the sum of $10.00 whichever is less. The Company shall not be liable for nonperformance or interruption of the Service due to any cause whatsoever, including their own negligence.

On March 8, 1986, Rubin purchased from Telemet a one year subscription to the Telemet quote service at the cost of $299. During August 1986, the pocket quote allegedly failed to work properly, and plaintiff mailed the unit to Telemet for repair or replacement. Plaintiff alleges that the express written policy of Telemet was to return a repaired item "usually in 5 days." On August 29, 1986, the pocket quote was repaired and shipped inadvertently to a different Mr. Bernard Rubin, who is also a customer of Telemet and also a resident of New York City. It was not until late September 1986 that Telemet returned the repaired pocket quote to plaintiff. Allegedly

---

**1.** At the outset, the Court notes that plaintiff's papers are wholly unsatisfactory. The submission labelled "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment" reads like a hornbook on contract law and utterly fails to respond to Telemet's arguments in its moving papers. Furthermore, Rubin unsuccessfully has attempted to have his affidavit constitute the necessary paperwork to initiate a cross-motion for summary judgment. *See,* ¶ 9 of Plaintiff's Affidavit in Opposition to Motion for Summary Judgment. Because this feeble attempt to move for summary judgment completely fails to comply with the rules of this Court with respect to moving for summary judgment, the Court will not treat plaintiff's papers as moving for summary judgment on its claims.

no explanation was given by Telemet for the inadvertent shipping error or the attempts to rectify it. In December 1986, Rubin purchased an extension of service for one year, at the price of $299.

Rubin brings this action alleging seven causes of action: 1) breach of contract, license and warranty resulting in consequential damages; 2) violation of Section 349 of the General Business Law of New York; 3) intentional interference with a contract; 4) breach of implied warranty of merchantability; 5) breach of implied warranty of fitness; 6) intentional misrepresentation of material facts; and 7) negligence.

Defendant brings this motion for summary judgment pursuant to Fed.R.Civ.P. 56 asserting that recovery for consequential damages is specifically limited by the applicable warranty provisions; consequential damages cannot be recovered because they were not reasonably foreseeable at the time the contract was made; punitive damages are not appropriate for breaches of contract; the facts do not support claims for a breach of the warranty of merchantability or of the warranty of fitness; no facts have been alleged to support the claim for intentional misrepresentation of fact; and the tort claim is insufficient as a matter of law.

## DISCUSSION

The Federal Rules of Civil Procedure authorize summary judgment where "there is no genuine issue as to any material fact ..." Fed.R.Civ.P. 56(c). A genuine dispute exists if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Although the burden is on the moving party to show that no relevant facts are in dispute, *Quinn v. Syracuse*

*Model Neighborhood Corp.,* 613 F.2d 438, 444 (2d Cir.1980), the non-moving party may not rely simply "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Thus, this Court's responsibility in deciding a summary judgment motion is "to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight,* 804 F.2d at 11; *Anderson,* 106 S.Ct. at 2509–11. Of course, only a factual dispute over a material matter will prevent a court from granting summary judgment. *Quarles v. General Motors Corp.,* 758 F.2d 839, 840 (2d Cir.1985) (per curiam).[2]

### A. Consequential Damages

Rubin contends that Telemet is liable for consequential damages resulting from his lack of the pocket quote while it was being repaired. Telemet, however, argues that it expressly and successfully limited its liability for consequential damages.[3] Because the Court agrees with Telemet, plaintiff's first cause of action is dismissed.

Under the Uniform Commercial Code as adopted by New York, parties to a sales contract may limit the remedies available. N.Y.U.C.C. §§ 2–316(4), 2–719. Specifically, consequential damages may be excluded unless the limitation or exclusion is unconscionable or the available remedy fails of its essential purpose. N.Y.U.C.C. §§ 2–719(3), 2–719(2); *Computerized Radiological Services, Inc. v. Syntex Corp.,* 595 F.Supp. 1495, 1509 (E.D.N.Y.1984), *aff'd in relevant part,* 786 F.2d 72 (2d Cir.1986); *Erie County Water Authority v. Hen–Gar Construction Corp.,* 473 F.Supp. 1310,

**2.** Rubin raises a meritless threshold objection to the relief demanded herein. Although Rubin complains that Telemet failed to support its motion with documentary proof, there is no express or implied requirement under F.R.Civ.P. 56 that the moving party support its motion with extrinsic proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

**3.** Defendant also contends that under common law principles of contract Rubin has failed to establish that the alleged damages were foreseeable. Because the Court agrees with Telemet's argument concerning its warranty, the Court need not address this latter argument.

1314–15 (W.D.N.Y.1979). Nevertheless, even if the prescribed remedy fails to compensate an aggrieved party adequately, consequential damages do not automatically become available when a valid sales contract excludes them. Rather, the aggrieved party is limited to the traditional breach of warranty remedies. *Cayuga Harvester Inc. v. Allis–Chalmers Corp.*, 95 A.D.2d 5, 465 N.Y.S.2d 606, 613–14 (4th Dept.1983). Thus, the relevant inquiry is whether the limitation of consequential damages provision is conscionable.

As a general principle, unconscionability, "requires some showing of 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" *State v. Avco Financial Service of New York*, 50 N.Y.2d 383, 429 N.Y.S.2d 181, 185, 406 N.E.2d 1075, 1078 (1980), quoting *Williams v. Walker Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C.Cir. 1965). Furthermore, whether a particular clause can be said to have been unconscionable when it was made is a question of law to be determined "in the light of the general commercial background and the commercial needs of the particular trade or case." N.Y.U.C.C. § 2–302(1); *State v. Wolowitz*, 96 A.D.2d 47, 468 N.Y.S.2d 131, 145 (1983).

Not only has plaintiff failed even to argue the point, but he has also neglected to provide the Court with any evidence suggesting that the standard limitation of damages provision is unconscionable. At the time plaintiff entered into the contract with Telemet he had been investing in the stock market for 20 years and was not an unsophisticated businessman. Moreover, plaintiff has not claimed that Telemet acted in bad faith in selling the pocket quote. Indeed, the complaint is silent concerning

any inequality of bargaining power and does not allege that plaintiff was compelled to accept the terms of the warranty. Moreover, a sales contract is not unconscionable simply because one party may have held a superior bargaining position. *Burnell v. Morning Star Homes Inc.*, 114 A.D.2d 657, 494 N.Y.S.2d 488, 490 (1985); *Fleischmann Distilling Corp. v. Distillers Co.*, 395 F.Supp. 221, 232 (S.D.N.Y.1975). Thus, because the record is devoid of any evidence of unconscionability, the Court holds that Telemet effectively excluded Rubin from recovering consequential damages.[4]

**B. Punitive Damages**

Rubin's sixth cause of action seeks punitive damages against Telemet. Because plaintiff has failed to plead a proper claim for punitive damages, the Court grants Telemet's motion for summary judgment.

■ Punitive damages are not awarded for a breach of contract even if the breach is intentional, with malicious intent, or evincing a high degree of moral turpitude. *Durham Industries, Inc. v. North River Insurance Co.*, 673 F.2d 37, 41 (2d Cir.), *cert. denied*, 459 U.S. 827, 103 S.Ct. 61, 74 L.Ed.2d 64 (1982) (punitive damages not appropriate when breach of contract involves solely a private wrong and no public rights are involved). In general, punitive damages are only appropriate in actions sounding in tort. *Thyssen Inc. v. S.S. Fortune Star*, 777 F.2d 57, 63 (2d Cir.1985); *Fort Howard Paper Co. v. William D. Witter Inc.*, 787 F.2d 784, 793 (2d Cir.1986); *Restatement (Second) of Contracts* § 355. Accordingly, to the extent the prayer for punitive damages is based on Rubin's contractual claims, punitive damages cannot be awarded.[5]

---

**4.** In his motion papers, plaintiff directs the Court's attention to the Magnuson–Moss Act, 15 U.S.C. § 2301 *et seq.* By their terms, however, those provisions of the act cited by plaintiff apply only to consumer products. 15 U.S.C. § 2301(1); 16 C.F.R. § 701.1(b). Because this case involves a commercial product, those requirements are not relevant. *Walsh v. Ford Motor Credit Co.*, 113 Misc.2d 546, 449 N.Y.S.2d 556 (Sup.Ct.1982).

**5.** Because plaintiff's third cause of action pleads the tort of intentional interference with a contract, the Court, without any intimation as to the merits of that claim or the appropriateness of an award of punitive damages therefor, limits this holding exclusively to Rubin's prayer for punitive damages with respect to his contractual causes of action. The Court notes, however, that the burden on plaintiff to prove all the elements of a claim of intentional interference with a contract is a difficult one, especially in a

## C. Section 349 Claim

■ Plaintiff contends that defendant "has violated Section 349 of the General Business Law by its desceptive (sic) acts in the conduct of commerce." [6] In no other place in any of plaintiff's papers is this claim addressed. Defendant argues that this claim is insufficient as a matter of law. For the reasons stated below, the Court agrees with the defendant.

Plaintiff has failed to allege any facts which trigger § 349's applicability. No deceptive practice has been alleged. Defendant merely failed to return Rubin's pocket quote within five days, the period plaintiff alleges defendant promised all repairs would be completed by.[7] Section 349 was not adopted to address unique problems that may occur between a solitary consumer and a merchant. Rather, the statute was designed to combat recurring acts which are deceptive such as false advertising, pyramid schemes, and bait and switch operations. *Goldberg v. Manhattan Ford Lincoln–Mercury, Inc.*, 129 Misc.2d 123, 492 N.Y.S.2d 318, 321–22 (Sup.Ct.1985); *Genesco Entertainment, A Division of Lymutt Industries, Inc. v. Koch*, 593 F.Supp. 743, 752 (S.D.N.Y.1984) ("Private transactions not of a recurring nature or without ramifications for the public at large are not a proper subject" of an action under § 349). Here, plaintiff has not alleged that defendant has deceived the public on a recurring basis. Moreover, the advertising that plaintiff contends is deceptive merely attempts to sell a product to assist speculators in the stock, options, and futures markets. *Infra*, pp. 451–52.

## D. Breach Of Implied Warranties

■ Plaintiff alleges a breach of an implied warranty of merchantability in his fourth cause of action and a breach of an implied warranty of fitness in his fifth cause of action. Defendant seeks summary judgment on these claims arguing that there is no factual evidence to support them. The plaintiff, however, has alleged facts that may lead a jury to conclude that these warranties, to the extent they were not excluded by Telemet, may have been breached. At this point in time, the Court cannot, as a matter of law, conclude that these warranties were not breached, even though the factual allegations by plaintiff are quite minimal. Consequently, the Court denies defendant's motion for summary judgment on these claims.

## E. False And Intentional Misrepresentation

■ Plaintiff makes no arguments in support of his false representation cause of action. Defendant contends that plaintiff has adduced no legal principles to support this claim and, furthermore, that the facts of this case do not permit a finding that Telemet acted intentionally to misrepresent facts to Rubin or the public. Because Rubin has failed to allege any facts to support its sixth cause of action, that claim is dismissed.

The advertisements distributed by Telemet to the public offer a product that will help people observe the stock market more closely. Surely, plaintiff, a former accountant and an investor in the stock market for many years, cannot believe that profits can be made on stocks just by using a pocket quote. The ads indicate that the pocket quote is an investment monitor, thus clearly placing the public on notice that is up to the purchaser, by using his business experience, to secure any profits. Moreover, plaintiff has failed to adduce any facts which indicate that Telemet acted intentionally to misrepresent facts to him or

---

case such as this where it is unusual for a seller of goods to be aware of the contracts that a purchaser may have with third parties.

**6.** Complaint, ¶ 19. Section 349(a) provides:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this State are hereby declared unlawful.

**7.** The Court notes that the document plaintiff relies on to establish the five day repair period reads that the pocket quote "is normally repaired and reshipped within five (5) working days of receipt ..." Indeed, in this case Telemet did ship the repaired pocket quote to a Bernard Rubin within 9 working days of its receipt. Unfortunately, Telemet mailed the repaired unit to the wrong Bernard Rubin.

the public. Accordingly, plaintiff's sixth cause of action is dismissed.

### F. Tort Claim

■ Plaintiff's seventh cause of action pleads a claim sounding in tort against Telemet. Plaintiff fails to specify, however, that he suffered any physical or emotional injuries, as opposed to economic loss, as a result of defendant's conduct. Accordingly, because economic losses are properly recoverable in actions sounding in contract, Rubin's seventh cause of action is dismissed. *Richman v. Albert*, 127 A.D.2d 992, 513 N.Y.S.2d 46, 47 *appeal denied*, 70 N.Y.2d 745, 519 N.Y.S.2d 966, 514 N.E.2d 386 (1987); *Burnell v. Morning Star Homes, Inc.*, 114 A.D.2d 657, 494 N.Y.S.2d 488, 490 (1985); *Antel Oldsmobile–Cadillac, Inc. v. Sirus Leasing Co., Division of Sirus Enterprises, Inc.*, 101 A.D.2d 688, 475 N.Y.S.2d 944, 945 (1984).

### CONCLUSION

Plaintiff's first, second, sixth, and seventh causes of action are dismissed for the reasons stated above. Moreover, plaintiff is precluded from recovering punitive or consequential damages on his contract claims. This case is scheduled for conference on April 29, 1988, at 2:30 p.m. in Courtroom 2704.

SO ORDERED.