■ KEITH H. COFFEY et al., Appellants, v UNITED STATES GYPSUM COMPANY et al., Respondents, et al., Defendants. (Action No. 1.) DAVID T. KRUSE et al., Appellants, v UNITED STATES GYPSUM COMPANY et al., Respondents, et al., Defendants. (Action No. 2.)—Order unanimously affirmed without costs. Memorandum: Special Term properly treated defendants' motion to dismiss (CPLR 3211 [a] [7]) as one for summary judgment after giving "adequate notice to the parties" (CPLR 3211 [c]). Moreover, under the circumstances of this case, defendants' motions to renew or reargue were timely

made *(see, Matter of Williamson v Shang,* 73 AD2d 836; *Matter of State Bd. of Equalization & Assessment v Kerwick,* 72 AD2d 292, 300-301, *affd* 52 NY2d 557).

Special Term properly granted summary judgment to all defendants dismissing plaintiffs' fifth cause of action predicated upon breach of express and implied warranties. Defendants met their initial burden of showing entitlement to summary judgment. Therefore, it was incumbent upon plaintiffs to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]) by producing evidentiary proof in admissible form *(Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Furs Mfrs.,* 46 NY2d 1065, 1067-1068). Summary judgment was properly granted dismissing the cause of action seeking damages for economic loss based upon a breach of implied warranty against defendant manufacturers and against some defendant builders because of lack of privity *(see, Copeland v Weyerhaeuser Co.,* 124 AD2d 998, *lv dismissed* 69 NY2d 944; *Butler v Caldwell & Cook,* 122 AD2d 559, 560). Moreover, Special Term properly granted summary judgment to the defendant builders with whom some plaintiffs were in privity because the cause of action was time barred *(see, Calamel v Ridge View Realty Corp.,* 115 AD2d 279, *appeal dismissed* 67 NY2d 799). Further, we reject plaintiffs' contention that they established privity with defendant manufacturers because an agency relationship existed between those manufacturers and defendant builders. This case is factually distinguishable from *Utica Observer Dispatch v Booth* (106 AD2d 863) and *Antel Oldsmobile-Cadillac v Sirus Leasing Co.* (101 AD2d 688), upon which plaintiffs rely. In addition, the cause of action asserted against all defendants and predicated upon a breach of an express warranty was properly dismissed because plaintiffs failed to come forward with evidentiary proof in admissible form demonstrating that each defendant gave a specific express warranty regarding the shingles, nails or nail-based sheathing that was manufactured or installed.

Finally, Special Term properly denied plaintiffs' motion for class certification *(see,* CPLR 901 [a] [3]; *Estruch v Volkswagenwerk, AG.,* 97 AD2d 978, *lv dismissed* 61 NY2d 604). (Appeal from order of Supreme Court, Erie County, Joslin, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.