■ RALSTON PURINA COMPANY, Respondent-Appellant, v ARTHUR G. MCKEE & COMPANY, Respondent, and INDUSTRIAL FIRST, INC., et al., Appellants-Respondents. (Appeal No. 1.)—

Supreme Court erred in denying the original motions of Silbrico Corporation and GAF Corporation for summary judgment dismissing the complaint against them. Plaintiff's negli-

gence and strict liability claims against manufacturers of roofing materials for economic loss suffered directly or indirectly by reason of a defective product are not actionable *(see, Schiavone Constr. Co. v Mayo Corp.,* 56 NY2d 667, *revg* 81 AD2d 221, 227-234 *on dissenting opn; County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 114 AD2d 728, *appeal dismissed* 67 NY2d 757; *Hemming v Certainteed Corp.,* 97 AD2d 976, *appeal dismissed* 61 NY2d 758; *Queensbury Union Free School Dist. v Walter Corp.,* 94 AD2d 834). Moreover, absent privity, plaintiff cannot recover damages for economic loss based upon breach of implied warranty *(see, Coffey v United States Gypsum Co.,* 149 AD2d 960, 961, *lv denied* 74 NY2d 610). Because all of the causes of action asserted against GAF and Silbrico should have been dismissed on the merits, we do not reach the issues whether plaintiff should have been granted leave to amend its complaint to separately state causes of action for negligence, strict product liability and breach of implied warranties or whether the claims against GAF and Silbrico were time barred. Those issues are moot.

The second and third causes of action of the complaint allege that Industrial First was negligent in its installation of the roof and that it breached the subcontract by failing to install a roof that met contract specifications. Industrial First sought summary judgment dismissing these claims upon the grounds that the so-called negligence cause of action was time barred and plaintiff could not sue for breach of the subcontract due to lack of privity. Supreme Court properly denied summary judgment. A cause of action seeking damages for economic loss occasioned by the negligent performance of a contract is governed by the six-year contract Statute of Limitations *(see, Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 393; *Banks v DeMillo,* 145 AD2d 903), and commencement of this action within six years of contract completion was timely. Plaintiff adequately demonstrated that the parties to the subcontract intended to benefit plaintiff directly. The subcontract contained an express agreement by Industrial First to be bound by the terms and conditions of McKee's contract with plaintiff. Additionally, all warranties extended by Industrial First to McKee also were expressly extended to plaintiff, and Industrial First agreed to indemnify plaintiff for damages arising out of its performance of the subcontract. Plaintiff, therefore, was entitled to sue as a third-party beneficiary *(see, Bethpage Water Dist. v Hendrickson Bros.,* 138 AD2d 660; *Charlebois v Weller Assocs.,* 136 AD2d 214, 217,

*affd* 72 NY2d 587). (Appeals from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present —Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.