■ St. Mary's Protectress Ukrainian Autocephalous Orthodox Church, Respondent, v Challenger Electrical Equipment Corp. et al., Defendants, and Federal Pacific Electric Company, Appellant.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's motion to dismiss plaintiff's fourth and eighth causes of action. In its complaint alleging strict products liability, plaintiff alleges that a defective electrical baseboard heater manufactured by defendant caused a fire which resulted in extensive structural damage to plaintiff's recreation hall. Contrary to defendant's contention, plaintiff does not seek to recover economic loss only *(see, Schiavone Constr. Co. v Mayo Corp.,* 56 NY2d 667, *revg on dissenting opn* 81 AD2d 221, 228). The cases upon which defendant relies cover a different situation entirely—the situation where a product fails to perform adequately, resulting in economic loss only. In those cases, courts have limited plaintiff to available contract remedies *(see, Ralston Purina Co. v McKee & Co.,* 158 AD2d 969; *Richman v Albert,* 127 AD2d 992, *lv denied* 70 NY2d 745; *Butler v Caldwell & Cook,* 122 AD2d 559; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 114 AD2d 728, *appeal dismissed* 67 NY2d 757). Such is not the case here.

Supreme Court also properly denied defendant's motion to dismiss plaintiff's breach of warranty claim as time-barred. Plaintiff's claim, which sounds in tort, arose on the date of the injury *(see, Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 402-404). Plaintiff's action, commenced within three years of the date of the injury, was timely *(see, Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407, 412). (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Dismiss Causes of Action.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.