■ ARTHUR GLICK LEASING, INC., Respondent-Appellant, v WILLIAM J. PETZOLD, INC., et al., Defendants, and CATERPILLAR, INC., Appellant-Respondent. [858 NYS2d 405]—

Peters, J. Cross appeals (1) from an order of the Supreme Court (Sackett, J.), entered February 8, 2007 in Sullivan County, which denied certain parties' cross motions to set aside the verdict, and (2) from an order of said court, entered June 1, 2007 in Sullivan County, which granted plaintiff's motion for, among other things, counsel fees.

Plaintiff purchased a 52-foot yacht, manufactured by defendant Ocean Yachts, Inc., from defendant William J. Petzold, Inc., a boat dealer, and selected, as optional equipment, twin diesel engines manufactured by defendant Caterpillar, Inc. Immediately after delivery of the yacht, plaintiff's owner, Arthur Glick, experienced problems with the boat, including alarms sounding which related to the boat's oil pressure and manifold inlet temperature without any discernable cause, rough running engines, acceleration problems, and a decrease of RPMs when the fuel reached a certain temperature. According to Glick, despite numerous attempts to remedy the problems, the poor acceleration and decrease in RPMs remained unresolved, causing him to limit the usage of the yacht.

Plaintiff sued defendants,[1] alleging causes of action for rescission of the purchase agreement, fraudulent misrepresentation,

---

1. Although plaintiff's amended complaint names William J. Petzold, Inc., Caterpillar, Inc., H.O. Penn Machinery Company and Ocean Yacht, Inc. as

breach of contract, negligence, breach of implied warranties, breach of express warranties and violation of the Magnuson-Moss Warranty Act (hereinafter the MMWA) (*see* 15 USC § 2301 *et seq.*). At the ensuing jury trial, plaintiff withdrew its claim of fraudulent misrepresentation and, at the close of proof, Supreme Court dismissed all claims against Caterpillar except those for breach of express and implied warranties and violation of the MMWA.[2] The jury found that, while Caterpillar had not breached an express warranty in its manufacture of the engines installed in plaintiff's boat, it had breached implied warranties of fitness for ordinary purposes and merchantability. The jury also found that, despite such breach of warranties, plaintiff was not entitled to revoke its acceptance of the boat. Damages of $130,400 were awarded to plaintiff.

Thereafter, Caterpillar moved and plaintiff cross-moved to set aside the jury's verdict. Supreme Court denied the motions, prompting this appeal. The parties also appeal from an order entered June 1, 2007 granting plaintiff counsel fees, interest, costs and disbursements, resulting in a judgment against Caterpillar totaling $273,960.

Plaintiff contends that Supreme Court improperly refused to set aside the jury's verdict inasmuch as the jury's finding that Caterpillar did not breach its express warranty was not supported by legally sufficient evidence and was against the weight of the evidence.[3] A verdict may be set aside as unsupported by legally sufficient evidence only if "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 273 [2007]; *O'Connor v Sleasman*, 37 AD3d 954, 956 [2007], *lv denied* 9 NY3d 806 [2007]). Where legally sufficient evidence exists, the verdict may still be set aside as against the weight of the evidence if it is determined that "the evidence so preponderated in favor of the losing party that it

defendants in the action, the record fails to reveal, and the parties have not explained, why only Caterpillar and Petzold remained as defendants in the action at the time of the jury trial.

2. At the close of proof, Supreme Court dismissed all of the claims asserted by plaintiff against Petzold and, consequently, dismissed Petzold from the action.

3. To the extent that the parties also argue that the jury verdict was inconsistent, that issue was unpreserved as it was not raised by either party prior to the discharge of the jury (*see Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 273 n 2 [2007]; *Dobies v Brefka*, 45 AD3d 999, 999 [2007]).

could not have been reached on any fair interpretation of it" (*Lawrence v Capital Care Med. Group, LLC*, 14 AD3d 833, 834 [2005]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Martin v Clark*, 47 AD3d 981, 982 [2008]).

Here, Caterpillar warranted that its new engines would be "free from defects in material or workmanship" and that it would correct any such defects during the warranty period. Ocean Yachts' brochure, which detailed the boat's features, described the Caterpillar engines as delivering "exceptional power with excellent acceleration response" which would allow the boat to "jump out of the hole fast." When these representations proved to be untrue, plaintiff asserted a breach of Caterpillar's express warranty. While an express warranty may include specific representations made by a manufacturer in its sales brochures or advertisements regarding a product upon which a purchaser relies (*see Randy Knitwear v American Cyanamid Co.*, 11 NY2d 5, 14 [1962]; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 114 AD2d 728, 730 [1985], *appeal dismissed* 67 NY2d 757 [1986]), here, the jury may have rationally concluded that the language in Oceans Yachts' brochure constituted statements made by Ocean Yachts, rather than Caterpillar. Indeed, the parties did not put forth any proof on this issue during the trial.[4] As plaintiff's complaints regarding the engines were solely performance-based and there is no evidence that they were not operable, the jury could have rationally concluded that, while the engines did not perform as represented by Ocean Yachts, they did, in fact, perform in accordance with their technical specifications and, hence, were "free from defects in material or workmanship." Alternatively, the jury could have reasonably found, based on the existence of conflicting proof, that any defects in the engines had been corrected by Caterpillar in accordance with its express warranty. Thus, we find no error in Supreme Court's denial of plaintiff's *motion to set aside the verdict as to the jury's finding on the* express warranty claim.

Next, we agree with Caterpillar's assertion that it had no privity of contract with plaintiff, rendering any claim of breach of implied warranties ineffective as a matter of law (*see Jaffee Assoc. v Bilsco Auto Serv.*, 58 NY2d 993, 995 [1983]; *Adirondack Combustion Tech., Inc. v Unicontrol, Inc.*, 17 AD3d 825, 827

---

4. The jury clearly struggled with this question during deliberations, as evinced by a note delivered to Supreme Court wherein the jury inquired as to whether it was Ocean Yachts or Caterpillar who made such statements. In response, the court informed the jury that this question was an issue of fact for it to resolve.

[2005]). Here, there is no contract between plaintiff and Caterpillar. Nor did plaintiff plead or prove an agency relationship between Caterpillar and Petzold sufficient to create privity with plaintiff (*see Lexow & Jenkins v Hertz Commercial Leasing Corp.*, 122 AD2d 25, 25-26 [1986]; *see also Leonard v Tollycraft Corp.*, 1989 WL 1128247, *5, 1989 US Dist LEXIS 12363, *12-13 [SD NY 1989]). To the contrary, the evidence established that when Glick followed Petzold's advice to purchase an Ocean Yachts boat with an upgrade to Caterpillar engines, Petzold then placed plaintiff's order with Ocean Yachts, which, in turn, ordered the Caterpillar engines as optional equipment for the boat's construction through Giles & Ransome Engine, an exclusive dealer of Caterpillar products.[5] This extensive list of dealers separating plaintiff from Caterpillar renders plaintiff a remote purchaser who is barred as a matter of law from claiming economic damages due to Caterpillar's alleged breach of implied warranties (*see County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 114 AD2d at 729-730; *Hole v General Motors Corp.*, 83 AD2d 715, 716 [1981]; *cf. Utica Observer Dispatch v Booth*, 106 AD2d 863, 863 [1984]; *Antel Oldsmobile-Cadillac v Sirus Leasing Co., Div. of Sirus Enters.*, 101 AD2d 688, 689 [1984]). As such, Supreme Court erred in refusing to set aside the verdict with regard to the jury's finding that Caterpillar breached implied warranties.

The absence of privity of contract between plaintiff and Caterpillar is also fatal to plaintiff's claim for breach of implied warranties under the MMWA (*see* 15 USC § 2310 [d] [1]). The MMWA defines "implied warranty" as "an implied warranty arising under [s]tate law . . . in connection with the sale by a supplier of a consumer product" (15 USC § 2301 [7]). As the MMWA does not alter state law provisions regarding the existence of implied warranty claims (*see Abraham v Volkswagen of Am., Inc.*, 795 F2d 238, 248-249 [1986]), state law privity requirements apply with respect to a claim for breach of an implied warranty under the MMWA (*see id.* at 249; *Feinstein v Firestone Tire & Rubber Co.*, 535 F Supp 595, 605 n 13 [1982]; *Shuldman v DaimlerChrysler Corp.*, 1 AD3d 343, 345 [2003]; *Mendelson v General Motors Corp.*, 105 Misc 2d 346, 352 [1980], *affd* 81 AD2d 831 [1981]). Therefore, the jury's verdict finding a breach of implied warranties under the MMWA must also be set aside.

In light of our holding, Supreme Court's subsequent order

---

**5.** Notably, there is no record evidence that Petzold received any additional benefit or monetary compensation for its sale of a boat equipped with Caterpillar engines.

granting counsel fees, interest, costs and disbursements (*see* CPLR 5001 [a]; 15 USC § 2310 [d] [2]) must be reversed. The parties' remaining contentions, to the extent not addressed herein, have been rendered academic by our decision or have been found to be lacking in merit.

Mercure, J.P., Kavanagh and Stein, JJ., concur. Ordered that the order entered February 8, 2007 is modified, on the law, with costs to defendant Caterpillar, Inc., by reversing so much thereof as denied said defendant's motion to set aside the verdict as to the breach of implied warranties and violation of the Magnuson-Moss Warranty Act causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed. Ordered that the order entered June 1, 2007 is reversed, with costs to defendant Caterpillar, Inc.