OPINION OF THE COURT
Per Curiam.
Orders, dated March 25, 2010 and April 12, 2010, affirmed, with one bill of $10 costs.
Plaintiff purchased a camera and certain lenses from nonparty B & H Photo & Video; the camera and the lenses were manufactured by defendant Canon USA, Inc. (Canon). Both the camera and lenses were accompanied by a one-year warranty issued by Canon that limited plaintiffs remedies to repair or replacement in the event of any defect in materials or workmanship. Approximately three months after plaintiff purchased the items, plaintiff notified Canon that he encountered a problem with the lenses while attempting to take photographs with the camera. Specifically, while on an overseas vacation, plaintiff received “error” messages on the camera’s display panel when he changed the lenses on the camera. In response, Canon repaired the camera, and plaintiff acknowledged that the camera and lenses worked properly after this repair.
*32 Several months thereafter, plaintiff notified Canon that the same problem reoccurred while he was on a subsequent vacation. In response to this second complaint, Canon offered to repair the camera and lenses, but plaintiff declined the offer. Plaintiff then purportedly revoked his acceptance of the items, and commenced this action against Canon, asserting causes of action for breach of contract and breach of express and implied warranties. Civil Court granted Canon’s motion for summary judgment dismissing the complaint and denied plaintiff’s cross motion for summary judgment. The court denied plaintiff’s subsequent motion to amend the complaint. We now affirm both orders.
Civil Court correctly granted Canon’s motion for summary judgment. Remedies for breach of express warranties may be limited to the repair or replacement of defective goods and may, as here, limit other remedies (see UCC 2-316 [4]; 2-719). Thus, the UCC article 2 remedy of “[r]evocation of acceptance” (UCC 2-608) was not properly invoked by plaintiff because, pursuant to the express warranty, his exclusive remedy was repair or replacement (see UCC 2-719 [1] [a]).
A limited or exclusive remedy contained in a warranty will be upheld unless it fails of its essential purpose (see UCC 2-719 [2]). Here, the undisputed facts established that the remedy contained in the warranty at issue did not fail its essential purpose, since Canon repaired the camera once to plaintiff’s satisfaction and offered to repair both the camera and lenses upon plaintiffs second complaint of a malfunction (see generally Cayuga Harvester v Allis-Chalmers Corp., 95 AD2d 5 [1983]). Plaintiffs refusal to accept this second offer to repair precludes him from arguing that the limited remedy failed of its essential purpose (see 1 White and Summers, Uniform Commercial Code § 12-10 [a] [5th ed]; Asp v Toshiba Am. Consumer Prods., LLC, 616 F Supp 2d 721, 727-731 [SD Ohio 2008]).
Plaintiff’s other arguments were also properly rejected. Plaintiff failed to raise any factual issue regarding whether Canon breached the express warranty under UCC 2-313 (1) (c), which states that goods delivered must conform to the sample or model used in negotiations leading to the transaction. The UCC 2-313 (1) (c) warranty does not apply where, as here, the buyer discovers a latent defect in the product (see Henry & Co. v Talcott, 175 NY 385, 389 [1903]). Nor may plaintiff recover upon any implied warranty against Canon, since he was not in privity with Canon (see Arthur Jaffee Assoc. v Bilsco Auto Serv., 89 AD2d 785 [1982], affd 58 NY2d 993 [1983]).
*33 Plaintiff is not entitled to relief under the MagnusonMoss Warranty — Federal Trade Commission Improvement Act (MMWA) (15 USC § 2301 et seq.). The applicability of the MMWA is directly dependent upon a sustainable claim for breach of warranty (see Temple v Fleetwood Enters., Inc., 133 Fed Appx 254, 268 [6th Cir 2005]), and here there was no breach of any express warranty (see 15 USC § 2310 [d] [1]; Diaz v Paragon Motors of Woodside, Inc., 424 F Supp 2d 519, 540 [ED NY 2006]). Moreover, since the MMWA did not alter state law privity requirements that apply to a claim of breach of an implied warranty (see Arthur Glick Leasing, Inc. v William J. Petzold, Inc., 51 AD3d 1114 [2008], lv denied 11 NY3d 708 [2008]) and, as noted above, plaintiff was not in privity with Canon, no sustainable breach of an implied warranty is present. To the extent that plaintiff argues that the MMWA was violated because he was not informed of the limited remedy under the warranty prior to his purchase (see 15 USC § 2302 [b] [1] [a]; 16 CFR 702.3), plaintiff has failed to raise a triable issue with respect to whether he sustained any actual damages proximately caused by Canon’s failure to comply with the MMWA’s disclosure requirements (see McGarvey v Penske Automotive Group, Inc., 639 F Supp 2d 450, 456 [D NJ 2009], vacated in part on other grounds on reconsideration 2010 WL 1379967, 2010 US Dist LEXIS 32228 [D NJ 2010]; Atchole v Silver Spring Imports, Inc., 379 F Supp 2d 797, 802 [D Md 2005]).
. We have considered and rejected plaintiffs remaining arguments.
Schoenfeld, J.E, Shulman and Hunter, Jr., JJ, concur.