■ ANTHONY CONTI, Respondent, v IRENE A. HENKEL, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered November 10, 1976 in Montgomery County, upon a decision of the court at a Special Term, without a jury. This action was commenced by plaintiff to recover a chattel, to wit, a 1971 Lincoln automobile. Although the facts were in dispute the court concluded that, contrary to defendant's contention, there was never any gift of the Lincoln by plaintiff to defendant. The court found that plaintiff had sustained his burden of proving his superior right to the possession of the automobile. Due to the fact that defendant was no longer in physical possession of the vehicle the court alternatively granted judgment against defendant for the dollar amount stipulated as the value of the car. On this appeal defendant maintains that the court erred in finding that plaintiff had a right of possession superior to defendant's since ownership of the vehicle was in defendant. It is also urged by defendant that the credible evidence supported the making of a gift by plaintiff to defendant of either the vehicle itself or of the funds with which the vehicle was purchased. Both of these issues resolve into questions of fact and credibility. The court, however, did not find credible the testimony of defendant. Upon a thorough examination of the record we are of the opinion that the court's findings are not against the weight of the credible evidence nor are they contrary to law. We should not, therefore, disturb them (Shipman v Words of Power Missionary Enterprises, 54 AD2d 1052; Collier v Lukes, 36 AD2d 662). We have examined defendant's remaining contentions and find them to be without merit. We find it worthy of comment at this

time to note that defendant attempted to submit a reply brief nearly two months after the time prescribed in our rules (22 NYCRR 800.9 [c]). At oral argument defendant requested this court to accept the late filing of her reply brief. Our rules regarding the filing of briefs on appeal were adopted after much study and for reasons we deemed beneficial to the court and litigants. The rules should not be waived except where good cause is demonstrated and enforcement would unduly prejudice the requesting party. Neither exception is present in the instant case and we, therefore, deny defendant's request. Judgment affirmed, with costs. Sweeney, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.