■ In the Matter of the Estate of BERNHARDT SEIDEL, Also Known as BERNHARD SEIDEL, Also Known as BERNARD SEIDEL, Deceased. KATHRYN L. ERNST, Appellant; CHRISTIAN A. SEIDEL et al., Respondents.—Appeal from a decree of the Surrogate's Court of Greene County, entered October 25, 1977, which denied the proponent's application for probate of an instrument purporting to be the last will and testament of the deceased. Proponent petitioned for probate of a written instrument purporting to be the last will and testament of her stepfather. She was named executrix in the will, and under the will she and two other stepchildren of the deceased were to share equally in the estate. In her petition for probate proponent stated that the instrument was found torn in pieces among decedent's papers after his death and that she did not know who tore the instrument. The will had been kept in a locked metal box in decedent's possession prior to his death. At the hearing proponent attempted to prove that the will had been torn by the wife of one of the stepchildren after decedent's death. The court, sitting without a jury, held that petitioner had failed to establish that the will in question was inadvertently torn by someone other than the testator. It was also found by the court that petitioner had failed to overcome the presumption that the torn will was an act of revocation by the testator and, consequently, the petition for probate was dismissed. This appeal ensued. Where a will which has been in the custody of the testator is found, after his death, cut or otherwise mutilated in a manner prescribed by statute, a presumption arises that the cutting or mutilation was effected by the testator with an intent to revoke the will *(Matter of Bonner,* 17 NY2d 9). Statements and testimony concerning the condition of the will when found and whether or not it was torn by someone other than the testator produced several inconsistencies and contradictions. Thus, questions of fact and credibility were raised for the court's determination. In our view, the court's finding as to the condition of the will when found was not against the weight of the credible evidence nor contrary to the law and, therefore, should not be disturbed *(Conti v Henkel,* 60 AD2d 678). Having so found, the presumption arose that the tearing of the will was an act of revocation by the testator and, upon examination of the record, we are of the opinion that the court properly concluded that proponent had failed to overcome this

presumption. The decree, therefore, should be affirmed. Decree affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.