█    In the Matter of the Estate of SYLVESTER LAVIGNE, Deceased. KENNETH LAVIGNE, Petitioner; LLOYD LAVIGNE et al., Appellants; JANICE LA PLANTE, Respondent.—Appeal from a decree of the Surrogate's Court of St. Lawrence County, entered October 1, 1979, which admitted to probate an instrument purporting to be the last will and testament of the deceased. On December 1, 1967 Sylvester Lavigne executed a will which contained five dispositive paragraphs. After first directing payment of his debts and funeral expenses, he bequeathed his garage business, which consisted of real and personal property, and a house to three of his four sons, Kenneth, Lloyd and Dale Lavigne. He then bequeathed an automobile to his wife, Salina Lavigne, and in the fourth paragraph, he bequeathed another automobile to Janice La Plante, his stepdaughter. In the fifth paragraph, he left the residue of his estate to his wife, and in the sixth paragraph, he set forth an alternative disposition in the event that his wife should predecease him or they should die in a "joint disaster". In such event, Janice La Plante was bequeathed decedent's camp on the Grass River, and the remainder of the residue was given to his four sons and to his wife's three children, Royal La Plante, Carol La Rue and Janice La Plante, share and share alike. In the final paragraph, he appointed his son, Kenneth, as executor. Following the testator's death on September 12, 1979, his will was found among his personal papers. However, there were four intersecting lines which crossed out paragraphs two through five; paragraph six was crossed out by several lines. Beneath paragraph six, in the testator's handwriting, was the following testamentary scheme: "July 29, 1979 I. Sylvester T. Lavigne, in sound mind do hereby Will all of my belongings Except Butche's tools, Garage home and all to Kenneth Lavigne of course there is quite a burden against it Which I couldnot seem to help no matter how hard I worked. Lloyd should help by paying what he owes." There were no lines through the signatures of the testator or the subscribing witnesses. The title frontispiece of the folded document contained, in the testator's handwriting, the words "Change 7/28/79 by my sole desire Sylvester T. Lavigne". The decedent's wife died on or about April 19, 1979. By probate petition dated September 20, 1979, Kenneth Lavigne, the executor named in the decedent's will, petitioned the court to determine the validity of the will. In a decision dated October 1, 1979, the Surrogate, in concluding that the decedent had not revoked his will, reasoned that the placement of the lines on the will together with their characterization by the decedent as a "change" indicated that he sought *"to alter his will* and did not intend *to revoke it,* thus dying intestate" (emphasis original). Since the attempted alteration was ineffective for failure to comply with the requirements of EPTL 3-4.1, the court admitted the will to probate as originally executed by the decedent. This appeal has been brought by Lloyd, Dale and Robert Lavigne, sons of the deceased. The respondent is Janice La Plante, who, as noted, is a beneficiary under the decedent's will as originally executed and was his stepdaughter. At issue here is EPTL 3-4.1 (subd [a], par [2], subpar [A], cl [i]) which provides that "if intended by the testator * * * A will may be revoked by * * * An act of * * * cancellation, obliteration or other mutilation or destruction performed by * * * The testator". We agree with the Surrogate that the lines drawn by decedent through the dispositive paragraphs of his will constituted "obliteration". However, we disagree with the court's conclusion that the decedent did not possess the intention to revoke his will.

Where, as here, a will which has been in the custody of the testator, is found, after his death, obliterated, a presumption arises that the obliteration was effected by the testator with an intent to revoke the will (see *Matter of Seidel,* 65 AD2d 649). The obliterations by the testator affected vital parts of the will: every one of its dispositive provisions was canceled. In view of the presumption of revocation, we conclude that the testator's obliteration of each and every dispositive provision of his will was effected with an intent to revoke his will, notwithstanding his use of the word "change". Since the decedent's attempt to set forth a new testamentary disposition was not in compliance with the formalities prescribed by section 3-4.1, it therefore cannot be given effect. Decree reversed, on the law and the facts, without costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.