■ FAIRBAIRN LUMBER CORPORATION, Appellant, v VARTAN G. TELIAN, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered November 2, 1981 in Delaware County, upon a decision of the court at Trial Term (Kepner, Jr., J.), without a jury. Following discussions, the parties executed a single sheet of paper purporting to be a contract whereby plaintiff would furnish and erect a shell of a log cabin with a full

basement and concrete septic system upon land owned by defendant, for the sum of $16,000. Plaintiff was to perform certain excavation and furnish materials. Work was substantially completed by September 1, 1979 when plaintiff left the job. In the early autumn, defendant complained about water in the basement. On September 10, 1979 defendant made a third payment of $4,000, withholding the balance of $3,900 until plaintiff corrected the problem. Plaintiff contended that its work had been properly performed and attributed the water condition to defendant's failure to complete grading and landscaping, to install a roof and gutters, and to connect the interior plumbing. After providing some crushed stone, plaintiff filed a mechanic's lien for $3,900 on November 16, 1979. Defendant engaged another contractor who performed corrective work consisting of re-excavation, installation of new drain pipes, septic system repairs and grading. Another expert found that the sidewall logs were improperly installed, not caulked, and that plaintiff had not installed either joint hangers on the beams, or bearing plates on the foundation caps. Plaintiff commenced this lien foreclosure action in which defendant asserted affirmative defenses and a counterclaim. After a nonjury trial, the court dismissed the complaint, holding the lien invalid for failure to perform in a workmanlike manner, and awarded defendant $770 together with interest and costs upon his counterclaim, for a total of $1,143.76. Plaintiff has appealed. There should be an affirmance. Initially, we note that the contract was nothing more than a quotation of the items constituting the total price, acknowledging a down payment with no further terms, conditions, or obligations of either party. Much of the evidence consisted of conversations between the parties both before the contract date and after, little of which is embodied in written instruments. Notwithstanding the absence of express terms as to performance, plaintiff was bound by an implied promise to perform the contract in a skillful and workmanlike manner (*Trans Caribbean Airways v Lockheed Aircraft Serv.-Int.,* 14 AD2d 749; see 22 NY Jur 2d, Contracts, § 313). The record reflects that plaintiff sought to prove substantial performance in a manner generally accepted in his industry as good and workmanlike and that the alleged defects resulted from defendant's failure to perform required work contemplated for completion by him. Defendant, on the other hand, offered proof of plaintiff's defective workmanship through his testimony and that of his contractor and an expert. The trial court chose to credit defendant's proof. The findings were made as the result of the resolution by the court of issues of fact raised by the conflicting testimony of the parties and their witnesses. We are not disposed to disturb the determination of the credibility of such testimony, absent clear abuse (see *Hunt v OSR Chems.,* 85 AD2d 681). Upon thorough examination of the record, we are of the opinion that the court's findings are not against the weight of the credible evidence nor are they contrary to law (see *Conti v Henkel,* 60 AD2d 678; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). We find plaintiff's remaining arguments to be without merit with the exception of the claimed arithmetic error in the amount of damages. Defendant concedes that the judgment should be reduced by the sum of $175.75. Judgment modified, on the law and the facts, by reducing the amount thereof to $968.01, and, as so modified, affirmed, with costs to defendant. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.