■ WALTER BIALO et al., Appellants, v WALTER LAWLOR, INC., Respondent.—Judgment, Supreme Court, Westchester County (W. Denis Donovan, J.), entered on or about January 31, 1989, which, after a nonjury trial, dismissed plaintiffs' complaint and awarded defendant a judgment in its favor on its counterclaim and damages in the sum of $7,050.78, unanimously affirmed, without costs.

Plaintiffs contracted with defendant for the construction of an "indoor water wall" in their newly built home. The contract, which was in the form of a price quotation, provided that while defendant would design and construct the water wall, "some design work [would] be done on the site with the approval of the owners". The credited testimony revealed that after the wall was substantially constructed, and specifically, after the base containing the lead catchbasin for the water and four feet of the marble wall were completed, plaintiffs requested a change in the wall's configuration. This change required the installation of an addition to the previously installed one-piece lead catchbasin. Defendant's foreman advised against the modification because the proper flashing could not be placed behind the portion added to the lead pan. However, plaintiffs insisted and instructed defendant that if the change could not be effected, the work already completed should be dismantled. Defendant complied with the change order. The two water nozzles over the original lead catchbasin did not cause any leakage but when the third nozzle over the

modified portion was activated, the device leaked water into the basement below. The cause of the leak, according to defendant, was the design change which necessitated the construction of an addition to the lead catchbasin.

Even though the contract in question did not contain express terms as to performance, defendant was bound by an implied promise to perform the contract in a skillful and workmanlike manner *(Fairbairn Lbr. Corp. v Telian,* 92 AD2d 683, 684). The trial court, as trier of fact, specifically found that defendant's original design operated properly, and that it was the design change insisted upon by plaintiffs which caused the leak. The court's crediting of defendant's foreman's testimony that plaintiffs insisted on changes after the wall was substantially completed supports its conclusion that plaintiffs "did in effect make modifications which * * * interfered with the defendant's working model that undoubtedly would have worked since the original pan does work." As the trial court had the opportunity to view the witnesses, hear their testimony and observe their demeanor, its findings of fact should not be disturbed. A duty is imposed upon an employer not to interfere with the prosecution of the work of his contractor *(Vanderlinde Elec. Corp. v City of Rochester,* 54 AD2d 155, 158). Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.