◼ LINO DEL ZOTTO & SON BUILDERS, INC., Respondent, v JACK COLOMBE et al., Appellants. [628 NYS2d 444] —Yesawich Jr., J. Appeal from an order of the Supreme Court (James, J.), entered March 4, 1994 in Schenectady County, which denied defendants' motion to partially dismiss the complaint.

Plaintiff seeks to recover for damages resulting from allegedly defective work performed by defendants, who were hired pursuant to an oral agreement to tape and apply joint compound to sheetrock, prior to painting, in two houses newly constructed by plaintiff. Defendants, appealing from Supreme Court's denial of their motion to dismiss three of plaintiff's four causes of action as legally insufficient *(see,* CPLR 3211 [a] [7]), contend that the second and third causes of action asserting breach of implied and express warranties, respectively, are inapplicable to the contract at issue, and that there is no merit to the fourth cause of action alleging breach of contract.

The second and third causes of action should have been dismissed, as it is apparent from the face of the complaint itself—in which plaintiff claims, *inter alia,* that defendants "manufactur[ed], market[ed], distribut[ed] * * * and [sold] their work, labor, services and materials *when taping the plaintiff's dry wall sheetrock"* (emphasis supplied)—that the parties' agreement was primarily one for the provision of services

(namely, the taping of sheetrock), not for the furnishing of drywall tape and joint compound, which were merely utilized in the performance of that task and were, in fact, necessary to its accomplishment. The transaction between the parties being predominantly service oriented, an action for breach of warranty does not lie (*see, Milau Assocs. v North Ave. Dev. Corp.*, 42 NY2d 482, 488; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 114 AD2d 728, 729, *appeal dismissed* 67 NY2d 757).

Supreme Court's refusal to dismiss the breach of contract claim was proper, however, for the allegations in the complaint, if proven, could support a finding that the taping work was not performed in a skillful and workmanlike manner, an implied requirement in a construction contract such as the one at issue (*see, e.g., Fairbairn Lbr. Corp. v Telian*, 92 AD2d 683, 684).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the second and third causes of action in the complaint; motion granted to that extent and said causes of action are dismissed; and, as so modified, affirmed.