█ MICHAEL J. PRONTI, Doing Business as BEST CONSTRUCTION COMPANY, Appellant, v CHRYSANTHE GRIGORIOU, Respondent. [853 NYS2d 718]—

Carpinello, J.

This mechanic's lien foreclosure action arises out of a written contract between the parties whereby plaintiff agreed "to arrange" for an independent contractor to install vinyl siding on defendant's residence for the sum of $11,000. The contract also provided that defendant would pay $500 for "cleanup/dump fees." After completion of the project and payment of the full contract price by defendant, plaintiff demanded payment of the $500 dump fees. Defendant's refusal to pay this additional sum prompted this action. In her answer, defendant alleges that the work was done in an unworkmanlike manner and counterclaims that it will cost her $10,520 to remedy same. Plaintiff now appeals from an order of Supreme Court denying his motion for summary judgment.

We affirm. We are unpersuaded by plaintiff's argument that he is entitled to summary judgment on his claim for the $500 in dump fees and related collection expenses. To award such relief at this juncture would "violate[ ] the well-established rule that it is improper to award summary judgment while there exists a

meritorious counterclaim for an amount equal to or greater than that demanded in the complaint" (*Illinois McGraw Elec. Co. v John J. Walters, Inc.*, 7 NY2d 874, 876-877 [1959]). This is especially true where, as here, the claim and counterclaim arise from the same underlying transaction (*see Yoi-Lee Realty Corp. v 177th St. Realty Assoc.*, 208 AD2d 185, 189 [1995]).

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.