■ Michael J. Pronti, Doing Business as Best Construction Company, Appellant, v Christos I. Grigoriou, as Executor of Chrysanthe Grigoriou, Deceased, Respondent. [882 NYS2d 354]—

Peters, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered March 10, 2009 in Chemung County, which, among other things, denied plaintiff's motion to compel discovery.

The underlying facts are set out in more detail in our decision on a previous appeal (49 AD3d 1135 [2008]). Briefly put, plaintiff

commenced this action when Chrysanthe Grigoriou refused to pay $500 in cleanup fees associated with certain home improvement work.* Grigoriou counterclaimed, arguing that the work was performed in an unworkmanlike manner. Plaintiff now appeals from an order which, among other things, denied his motion to compel a response to discovery demands and granted defendant's cross motion for sanctions against plaintiff.

We affirm. Dealing with plaintiff's motion to compel, Grigoriou executed a certificate of completion indicating that she had examined the contracted-for work and found that it had been satisfactorily completed, but subsequently claimed that she had not inspected the work herself. Plaintiff sought discovery of Grigoriou's medical records in an effort to document alleged mobility issues which made it difficult for her to perform that inspection. With regard to defendant's counterclaim, the issue is whether the improvement work was done in a skillful and workmanlike manner (see Lino Del Zotto & Son Bldrs. v Colombe, 216 AD2d 778, 779 [1995]). Accordingly, the only conceivably relevant question regarding Grigoriou's alleged inspection of the work is whether it occurred, regardless of why it may not have. Given plaintiff's failure to show that Grigoriou placed her medical condition in controversy, Supreme Court properly denied his motion (see King v Salvation Army, 240 AD2d 473 [1997]; Robinson v Meca, 214 AD2d 246, 248 [1995]).

Turning to the issue of sanctions, Supreme Court was empowered to sanction plaintiff for frivolous conduct, which includes conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). It is generally true that the "[r]efusal to meaningfully participate in settlement discussions cannot be defined as frivolous conduct," even if that refusal is unreasonable or motivated by bad faith (Valdez v Cibulski, 171 Misc 2d 49, 50 [1996], affd 248 AD2d 707 [1998], lv denied 92 NY2d 808 [1998]). Although plaintiff may not ultimately succeed in recovering costs and disbursements, we cannot say that his refusal to settle absent payment of those demanded sums constituted sanctionable conduct. Nevertheless, the record is replete with other instances of plaintiff's delaying and harassing conduct, including the motion to compel addressed above and his obstructive behavior in both failing to initially appear for, and his conduct while at, his deposition (see Hughes v Farrey, 48 AD3d 385, 385 [2008]; Harley v Druzba, 169 AD2d 1001, 1002-1003 [1991]). Under those circumstances,

---

* Grigoriou died in 2008 and the executor of her estate was substituted as defendant.

Supreme Court did not abuse its discretion in sanctioning plaintiff (*see Ireland v GEICO Corp.*, 2 AD3d 917, 919 [2003]).

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.