■ SAMUEL YU, Respondent, v FORTUNA DESIGN & CONSTRUCTION, INC., et al., Appellants. [966 NYS2d 106]—

In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Schulman, J.), entered March 11, 2011, which,

after a nonjury trial, is in favor of the plaintiff and against the defendant Fortuna Design & Construction, Inc., in the principal sum of $52,108.47.

Ordered that the appeal by the defendants Xin Rong Feng and Lily Chau is dismissed, as those defendants are not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed on the appeal by the defendant Fortuna Design & Construction, Inc., with costs.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Fidan v NAYCI Contr. & Custom Cabinetry Corp., 101 AD3d 801, 801 [2012], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Here, the determination that the defendant Fortuna Design & Construction, Inc. (hereinafter Fortuna), breached its contract with the plaintiff by failing to perform in a skillful and workmanlike manner (see Lino Del Zotto & Son Bldrs. v Colombe, 216 AD2d 778, 779 [1995]; Melia v Riina, 204 AD2d 955, 958 [1994]), was warranted by the facts. Accordingly, the Supreme Court properly awarded judgment in favor of the plaintiff and against Fortuna.

Fortuna's remaining contentions are without merit. Skelos, J.P., Balkin, Cohen and Miller, JJ., concur.