■ JOHN AMODEO, Appellant, v STAR MANUFACTURING COMPANY, Respondent, and DU-BEN STEEL BUILDINGS, INC., Appellant. — Appeals from an order of the Supreme Court at Trial Term (Klein, J.), entered August 19, 1981 in Ulster County, which granted the cross motion of defendant Star Manufacturing Company and dismissed the complaint as to that defendant upon the ground that it lacked personal jurisdiction. Defendant Star Manufacturing Company (Star), an Oklahoma corporation, manufactures prefabricated build-

ings, one of which defendant Du-Ben Steel Buildings, Inc. (Du-Ben), as a franchise dealer of Star, erected for plaintiff John Amodeo pursuant to a contract dated June 25, 1973. When defects were allegedly detected in the building, plaintiff instituted the present lawsuit against defendants Star and Du-Ben for breach of contract, and Star moved to dismiss the complaint against it upon the grounds that the pleadings failed to state a cause of action (CPLR 3211, subd [a], par 7) and that the court had not acquired personal jurisdiction over Star (CPLR 3211,subd [a], par 8). Special Term denied the motion to dismiss for failure to state a cause of action and transferred Star's second dismissal motion to Trial Term, pursuant to 22 NYCRR 862.5, for a hearing and decision. Thereafter, Trial Term granted this latter motion upon concluding that it lacked personal jurisdiction over Star, and both plaintiff and Du-Ben now appeal. The sole issue presented for our determination is whether or not Star transacted any business within this State within the meaning and intent of CPLR 302 (subd [a], par 1) so as to warrant the courts of this State exercising in personam jurisdiction over Star, and we hold that it did. The pertinent law on this question is that a nondomiciliary is subject to the jurisdiction of the New York courts under the cited statute if it can be established that the nonresident defendant has engaged in some purposeful activity within the State and there is a substantial relationship between the activity and the cause of action sued upon, i.e., if it can be shown that a foreign defendant had some business contacts within the State and that the subject cause of action arose out of those contacts (*McGowan v Smith,* 52 NY2d 268).[*] Applying these legal principles to the case at hand, we note that, through a franchise agreement, Star had the right to control various aspects of Du-Ben's operation and assigned Du-Ben a limited geographical selling area within the State for Star's products. More specifically with regard to the instant cause of action by plaintiff, it is significant that Star authorized the use by Du-Ben of Star's name, trade-mark, literature and specifications in reaching an agreement with plaintiff for the purchase of a Star building and that Star itself produced sketch sheets of plaintiff's building. Additionally, Star caused its written guarantees relative to the building to be assigned through Du-Ben to plaintiff, and this assignment was accomplished through the use of standardized forms provided by Star. A Star representative also inspected plaintiff's building upon its completion. Given all of these circumstances, it is our judgment that Star had sufficient business contacts within this State directly related to plaintiff's cause of action so as to provide ample justification for the exercise by the courts of this State of in personam jurisdiction over Star. Accordingly, Trial Term's dismissal of the complaint against Star cannot be permitted to stand. Order reversed, on the law, and cross motion to dismiss complaint denied, with one bill of costs to plaintiff and defendant Du-Ben Steel Buildings, Inc. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

[*] The complaint in this case was served prior to the enactment of the 1979 amendment to CPLR 302 (subd [a], par 1), therefore precluding its use as an alternative predicate for bringing defendant Star within New York's jurisdiction for contracting to supply goods in this State (L 1979, ch 252).