■ MID-HUDSON MACK, INC., Plaintiff, v DUTCHESS QUARRY & SUPPLY CO., INC., Defendant and Third-Party Plaintiff-Appellant. MACK TRUCKS INC., Third-Party Defendant-Respondent. — In an action, *inter alia,* to recover damages based upon negligence and strict products liability, defendant third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated July 6, 1982, as dismissed the second and third causes of action in the third-party complaint. Judgment affirmed, insofar as appealed from, with costs. Defendant third-party plaintiff, Dutchess Quarry & Supply Co. (Dutchess), purchased nine trucks from the third-party defendant, Mack Trucks, Inc. (Mack) between 1968 and 1972. The most recent sale took place on August 24, 1972. The sales of the trucks were accompanied by a specific standard vehicle warranty pursuant to which the truck engines were covered for a period of 24 months from the date of

delivery, 100,000 miles or 3,600 hours of operation, whichever event occurred first. The warranty also contained a provision to the effect that it was the entire warranty involved in the transaction and that there were no other express warranties involved in the sales. On August 8, 1978, Dutchess allegedly discovered that the oil pump in each of the trucks was defectively designed and manufactured. Between August 18 and December 15, 1978, the engine in each of the trucks was replaced. By letter dated February 26, 1979, Dutchess notified Mack: "Recently, a serious problem has arisen in reference to oil pump failures in Mack Truck vehicles, which has led to numerous engine failures and resulted in substantial damages to Dutchess Quarry in down time of vehicles, labor and repair costs". This third-party action was commenced by service of a summons and third-party complaint on May 22, 1980. The third-party complaint sets forth three causes of action: (1) a first cause of action alleging breach of implied warranty in that each of the trucks had a defective oil pump; (2) a second cause of action in which it is claimed that Mack was negligent in the design and manufacture of its trucks; and (3) a third cause of action sounding in strict products liability, in which it is alleged that the trucks were defective at the time they left Mack's control. Dutchess seeks to recover $100,000 in damages for the cost of replacement of the engines and the loss of use of the trucks. Mack moved for summary judgment, *inter alia,* on the ground that the action was barred by the respective Statutes of Limitations governing actions to recover damages for breach of warranty, negligence and strict products liability. Special Term granted the motion and dismissed the third-party complaint on the ground that the third-party plaintiff failed to introduce facts in sufficient evidentiary form to defeat the third-party defendant's motion for summary judgment. On appeal, Dutchess does not contest the dismissal of the first cause of action alleging breach of warranty. It seeks only modification of the judgment to annul that portion dismissing the causes of action sounding in negligence and strict products liability. The parties' briefs address the issue in terms of the propriety of the court having exercised its discretion in granting the motion for summary judgment based upon the defendant third-party plaintiff's failure to submit facts in sufficient evidentiary form to defeat said motion. It bears noting that all of the papers submitted on the motion, including the pleadings in both the main and the third-party actions and the bill of particulars, are verified only by the attorneys. The sole exception is the affidavit of an employee of Mack. However, that affidavit is addressed to the first cause of action alleging breach of warranty, which is not a subject of this appeal. Since Mack's moving papers rested on pleadings and an affidavit from attorneys without personal knowledge of the facts, we conclude that the court acted improperly in granting the motion for summary judgment on the ground that the opposing papers were likewise unsupported by affidavits from individuals with personal knowledge of the facts. However, the award of summary judgment in favor of the third-party defendant was proper inasmuch as the action was time barred. Since Mack initially moved for summary judgment on that ground, we conclude that said issue is properly before the court. With respect to causes of action sounding in negligence and strict products liability, the applicable Statute of Limitations is the three-year period found in CPLR 214. Mack claimed, however, that the alleged tortious acts took place prior to the most recent sale, while Dutchess, citing *Victorson v Bock Laundry Mach. Co.* (37 NY2d 395, 399), contended that the accrual date was in 1978 when the defective oil pumps failed, damaging the engines. In the case at bar, defendant third-party plaintiff is in privity with the third-party defendant (cf. *Victorson v Bock Laundry Mach. Co., supra,* p 403; *New York Seven-Up Bottling Co. v Dow Chem. Co.,* 96 AD2d 1051) and only the allegedly defective trucks were damaged. The defective condition of

the trucks when sold did not create an unreasonable danger. No accident occurred, nor was there any physical injury to person or property. Rather, the sole damages sought are the cost of repairs and consequential damages resulting from loss of use of the trucks. The law is clear in this State that economic loss (e.g., the cost of repair and consequential damages) may not be recovered in an action predicated on negligence or a strict products liability theory (*Hole v General Motors Corp.,* 83 AD2d 715, 717; see *Schiavone Constr. Co. v Elgood Mayo Corp.,* 81 AD2d 221, 229 [dissenting opn], revd for reasons stated in dissenting opn of Silverman, J., 56 NY2d 667 [wherein the dissenter specifically ruled out "so radical an extension of liability as to hold remote manufacturers liable to users, in the absence of representation or contract, for the failure of equipment to function well"]; *Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5, 25-27; PJI 2:120; 1 NY PJI2d [1983 Cum Supp] 138, 143). Rather, "contract law, which protects expectation interests, provides the proper standard when a qualitative defect is involved, *i.e.,* when a product is unfit for its intended use" (*Moorman Mfg. Co. v National Tank Co.,* 91 Ill 2d 69, 81). Since the causes of action labeled negligence and strict products liability actually sound in contract and since the warranty did not explicitly extend to future performance, the causes of action accrued when tender of delivery of the last truck was made (Uniform Commercial Code, § 2-725, subd [2]; *Moorman Mfg. Co. v National Tank Co., supra,* pp 84, 93). As such, the third-party action is time barred. Accordingly, there is no triable issue of fact and the third-party defendant is entitled to summary judgment dismissing the third-party complaint. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.