# Second Department, May, 1984

## (May 7, 1984)

■ Alexson Mechanical Contracting, Inc., et al., Respondents, v Honeywell, Inc., et al., Appellants. — In an action to recover damages, *inter alia*, for breach of warranty, negligence, and strict products liability, defendants appeal from (1) stated portions of an order of the Supreme Court, Nassau County (Velsor, J.), entered September 27, 1983, which, among other things, granted certain branches of plaintiffs' motion, *inter alia*, to direct defendants to serve further responses to certain interrogatories served upon them by plaintiffs, and (2) so much of an order of the same court (Meade, J.), entered September 29, 1983 as denied certain branches of defendants' motion to strike certain

interrogatories served upon them by plaintiffs. ¶ Order entered September 27, 1983, modified, on the facts, by (1) deleting the provisions which granted that branch of plaintiffs' motion which sought an order directing defendant Honeywell, Inc., to serve a further response to interrogatory numbered "25", and substituting therefor a provision denying that branch of the motion and (2) deleting the provisions which granted those branches of plaintiffs' motion which sought an order directing the other defendants to serve further responses to interrogatories numbered "19", "20", "22", and "23", and substituting therefor provisions denying those branches of the motion. As so modified, order affirmed insofar as appealed from. ¶ Order entered September 29, 1983 affirmed insofar as appealed from. ¶ Plaintiffs are awarded one bill of costs. ¶ The interrogatories not stricken by Special Term are relevant and have a "bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406). Because this action concerns plaintiffs' allegation that defendant Honeywell's model number T8082A thermostat was defective, plaintiffs' interrogatories seeking disclosure of customer complaints regarding this item are relevant. Plaintiffs are entitled to disclosure of information regarding claims similar in nature to their own (see *Peluso v Rochester Gen. Hosp.*, 64 AD2d 1013; *Abrams v Vaughan & Bushnell Mfg. Co.*, 37 AD2d 833). Although plaintiffs may have some of the requested information in their possession, the interrogatories requesting such information are still proper, in order to sharpen the disputed issues and to eliminate undisputed issues (see *Allen v Crowell-Collier Pub. Co., supra;* 3A Weinstein-Korn-Miller, NY Civ Prac, par 3131.01). The fact that plaintiffs may no longer maintain a cause of action for economic loss based on strict products liability (*Schiavone Constr. Co. v Mayo Corp.*, 56 NY2d 667; *Mid-Hudson Mack v Dutchess Quarry & Supply Co.*, 99 AD2d 751) does not require striking of the interrogatories, in view of plaintiffs' assertion of a cause of action based on breach of express warranty. ¶ However, we find that the order requiring further answers to certain other interrogatories should be modified, by requiring defendant Honeywell, Inc., to serve further responses only to interrogatories numbered "21" and "22", and the other defendants to serve further responses only to the interrogatory numbered "17". The answers served by defendants to these interrogatories were nonresponsive. More firm responses, whether affirmative or negative, are required. However, defendant Honeywell's response to the interrogatory numbered "25", and the other defendants' responses to the interrogatories numbered "19", "20", "22" and "23" were adequate and do not warrant the service of further answers. Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.