■ HELEN KOLODY, Respondent, v SUPERMARKETS GENERAL CORPORATION, Doing Business as PATHMARK, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals, as limited by its brief, so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered April 21, 1989, as denied, in part, its motion to strike the plaintiff's notice of discovery and inspection dated January 11, 1989, and directed it to provide the plaintiff with evidence of subsequent accidents which occurred at the same location within a three-year period from the date of the plaintiff's accident.

Ordered that the order is reversed insofar as appealed from, with costs, the provision thereof directing the defendant to provide evidence to the plaintiff of subsequent accidents is deleted, and the defendant's motion to strike the plaintiff's notice of discovery and inspection is granted in its entirety.

While the plaintiff alleged in her verified complaint that she sustained injuries after falling in one of the defendant's stores due to the presence of a "dangerous condition", she identified this dangerous condition in her verified bill of particulars solely as a "[s]mashed strawberry negligently, carelessly and recklessly allowed to be left on [the] aisle floor". Discovery of evidence of subsequent similar accidents, while material in cases where a defect is alleged in the design or creation of a product or structure (see, e.g., Brown v Daisy Mfg. Co., 129 AD2d 995; Alexson Mechanical Contr. v Honeywell, Inc., 101 AD2d 796; Klatz v Armor Elevator Co., 93 AD2d 633; Carnibucci v Marlin Firearms Co., 51 AD2d 1067), is irrelevant and inappropriate in cases such as the one before us where no inherent defect is alleged. Accordingly, the defendant's motion should have been granted in its entirety. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.