■ GLORIA MANNING et al., Respondents, v PATHMARK, INC., Appellant. [595 NYS2d 45] —Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered December 16, 1991, which denied defendant's motion for a protective order vacating plaintiffs' discovery demand, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion granted, without costs.

On September 2, 1990, plaintiff Gloria Manning was injured when she slipped on a liquid substance on the floor of an aisle in defendant's supermarket. On July 5, 1991, plaintiffs served a demand for copies of all accident reports and incident records for the period of one year prior to the date of the accident. Defendant Pathmark moved for a protective order, arguing that it should not be burdened by providing reports on incidents occurring over a one-year period which have no probative value with respect to the alleged transitory hazardous condition.

Defendant's argument is persuasive. There is no indication that the wet floor was a recurring condition. Gloria Manning indicated that the liquid substance came from another customer's shopping cart as the result of leakage from a container.

A plaintiff is entitled to disclosure of information regarding incidents giving rise to claims similar to his own *(Alexson Mech. Contr. v Honeywell, Inc.,* 101 AD2d 796, 797). However, such disclosure is relevant in the case of claims alleging injury caused by a defect in design or condition *(Kolody v Supermarkets Gen. Corp.,* 163 AD2d 276, 277; *Klatz v Armor El. Co.,* 93 AD2d 633, 637). It is entirely inapposite under the facts alleged herein. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.