■ CAMEL INVESTMENTS LIMITED et al., Respondents, v TRANS-OCEAN CAPITAL (BERMUDA) LIMITED et al., Defendants, and BRIAN W. BILLINGS et al., Appellants. [600 NYS2d 471] —In a shareholders' derivative action to recover damages for negligence, breach of fiduciary duty, mismanagement, and misrepresentation, the appeal is from an order of the Supreme Court, Westchester County (Colabella, J.), entered January 13, 1993, which denied the appellants' motion for summary judgment dismissing the action as against them for lack of personal jurisdiction or for dismissal on the ground of forum non conveniens.

Ordered that the order is affirmed, with costs.

We find that the Supreme Court properly denied the appellants' motion for summary judgment with respect to the question of personal jurisdiction. It is well settled that a nonresident need not be physically present in New York State as a prerequisite to obtaining jurisdiction over the nonresident *(see, Teachers Ins. & Annuity Assn. v Butler,* 592 F Supp 1097). CPLR 302 expressly contemplates the exercise of jurisdiction over a nonresident defendant who never physically enters the State but performs purposeful acts in the State *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460; *see also, Picard v Elbaum,* 707 F Supp 144). Accordingly, CPLR 302 provides that a court may exercise personal jurisdiction over any nondomiciliary who *in person or through an agent* transacts business within the State *(see, Kreutter v McFadden Oil Corp, supra,* at 467;

*CutCo Indus. v Naughton,* 806 F2d 361). Here, the appellants' actions in transacting business in New York through the use of telephones, "faxes", and wire transfers as well as through its agents, makes the exercise of personal jurisdiction appropriate. Further, the plaintiffs' claims are sufficiently related to the business transacted such that it would not be unfair to subject the appellants to suit in New York *(see, CutCo Indus. v Naughton, supra,* at 365; *McGowan v Smith,* 52 NY2d 268; *Hoffritz For Cutlery v Amajac, Ltd.,* 763 F2d 55).

Nor did the Supreme Court err in denying that branch of the appellants' motion which was for summary judgment dismissing the case on forum non conveniens grounds *(see, Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65). The appellants have failed to demonstrate that the New York forum chosen by the plaintiffs was inappropriate. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.