**LOUDON PLASTICS, INC., Plaintiff,**

v.

**BRENNER TOOL & DIE, INC., Defendant.**

**No. 98–CV–1971.**

United States District Court,
N.D. New York.

Nov. 9, 1999.

Scott A. Barbour, McNamee, Lochner Law Firm, Albany, NY, Michael J. Smith, Hiscock, Barclay Law Firm, Albany, NY, for Loudon Plastics, Inc.

Nancy Nicholson Bogan, Thorn, Gershon Law Firm, Albany, NY, for Brenner Tool & Die, Inc.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court are Defendant's motions to (i) dismiss the complaint for lack of personal jurisdiction, (ii) dismiss the complaint for improper venue, (iii) transfer the case to the Eastern District of Pennsylvania, (iv) dismiss Plaintiff's second claim for failure to state a claim, and (v) dismiss Plaintiff's third claim for failure to state a claim. For the reasons set forth below, the Court denies motions (i) through (iii), and grants (iv) and (v).

## I. BACKGROUND

Plaintiff is a New York corporation engaged in the manufacture, design, and distribution of swimming pools and accessories. Defendant is a Pennsylvania corporation that manufactures custom tool and dies for industrial applications and also performs contract custom machining.

In November 1995, Plaintiff solicited bids from various machine shops and tool and die makers for two molds for an above-ground pool ladder. Defendant submitted the winning bid of $306,000 with a delivery date of twenty-eight weeks. After work commenced, Defendant discovered that the specifications and drawings were inaccurate and the parties extended the delivery date to September 22, 1997, then later to November 21, 1997. On or about November 4, 1997, Defendant advised Plaintiff that delivery could not be made until January 20, 1998, and Plaintiff requested that Defendant release the partially unfinished molds and Defendant's specifications and drawings to a tool and die maker located in Ohio, who completed the job for $348,000.

Plaintiff now asserts three causes of action: (1) breach of contract; (2) negligent performance of contractual obligations; and (3) breach of the implied duty of good faith and fair dealing.[1]

## II. ANALYSIS

### A. Motion to Dismiss for Lack of Personal Jurisdiction

■■■ Defendant moves to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). The due process clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant with whom it has "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining whether minimum contacts exist, the court considers "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). To establish the minimum contacts necessary to justify " 'specific' jurisdiction, the [plaintiff] first must show that [his] claim arises out of or relates to [defendant's] contacts with [the forum state]." *Helicopteros Na-*

1. The Court notes that Defendant submitted a single-spaced memorandum of law in support of its motion, and cautions Defendant against ever making a similar submission to any court in the Northern District of New York. The Local Rules dictate rejection of any memorandum of law exceeding 25 pages without leave of the court. Here, Defendant's 17 page single-spaced memorandum of law certainly would fall within that prohibition. Nevertheless, the Court considers Defendant's motion in an effort to expedite this case. Defendant would be well-advised, however, not to rely in future on such leeway.

*cionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A plaintiff must also show that defendant "purposefully availed" itself of the privilege of doing business in the forum state and that the defendant could foresee being "haled into court" there. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). If a plaintiff satisfies these requirements, the court also considers whether the assertion of jurisdiction "comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable under the circumstances of a particular case." *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154.

■ Applying these standards in the case *sub judice,* we conclude that Defendant had sufficient minimum contacts with New York to support the exercise of jurisdiction and that the assertion of jurisdiction is reasonable under the circumstances. The March 12, 1997 contract was expressly conditioned on the terms set forth on the reverse side, which included a forum selection clause stating: "Any action brought hereunder may be brought or transferred to the County of Albany." What both parties neglected to raise in their submissions is that the clause is permissive, not mandatory. A forum selection clause may be either permissive or exclusive. An exclusive or mandatory forum selection clause revokes jurisdiction from all forums except those specifically identified in the clause, and must be enforced. *See John Boutari & Son, Wines and Spirits, S.A. v. Attiki Importers and Distribs.,* 22 F.3d 51, 53 (2d Cir.1994). An exclusive clause is created by the addition of any language clearly narrowing jurisdiction and venue exclusively to the identified forum. *See Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir.1989) (requiring "some further language indicating the parties' intent to make jurisdiction exclusive").

In confronting a similar clause, the Second Circuit held that although owed some deference, such a clause is subject to standard forum non conveniens analysis. *See Blanco v. Banco Industrial de Venezuela, S.A.,* 997 F.2d 974, 979–80 (2d Cir.1993). Defendant's contention in its reply brief that the clause was never part of the contract because the print was illegible and small is meritless. Defendant freely entered into the contract and had ample opportunity to scrutinize it. Moreover, the parties here had previously entered into 13 separate agreements, and Defendant is a sophisticated business entity. This Court, however, cannot rely upon the clause alone to obtain personal jurisdiction over Defendant.

■ Plaintiff's reliance the accessibility of Defendant's Internet web site to New Yorkers as constituting sufficient minimum contacts under N.Y. C.P.L.R. 301 and/or 302 is misplaced. Defendant's web site is simply a non-interactive advertisement. In cases involving such "passive" web sites, courts in this circuit and others have consistently held that jurisdiction does not exist absent other contacts with the forum. For example, in *Bensusan Restaurant Corp. v. King,* 126 F.3d 25 (2d Cir.1997), the operator of a well-known New York jazz club called "The Blue Note" sued the operator of a Missouri jazz club of the same name for trademark infringement. To promote his club, the defendant operated an Internet web site which contained general information about his club, a calendar of events, and ticketing information, including the names and addresses of ticket outlets in Missouri and a telephone number for charge-by-phone orders. The district court refused to exercise jurisdiction over the defendant under N.Y. C.P.L.R. 302(a)(2) or (a)(3), reasoning that the maintenance of a web site alone, without more, did not rise to the level of purposeful availment of New York's laws. In finding that the exercise of jurisdiction would violate due process, the district court reasoned that the defendant had

done nothing to purposefully avail himself of the benefits of New York. Plaintiff's claim of jurisdiction under C.P.L.R. 301 related to the Internet site likewise must fail. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985) ("The showing necessary for finding that defendant 'transacted business' and is suable on a cause of action arising from that transaction is considerably less than that needed to establish defendant's 'doing business,' which renders the defendant subject to suit on even an unrelated cause of action.' "). Defendant, like numerous others, simply created a Web site and permitted anyone who could find it to access it.

■ Nevertheless, Defendant's other contacts with New York create sufficient minimum contacts justifying the extension of personal jurisdiction. Under C.P.L.R. 302, a nondomiciliary defendant is subject to the jurisdiction of New York State courts if the defendant engaged in some purposeful activity within the State and there is a substantial relationship between the activity and the cause of action sued upon. *See Amodeo v. Star Mfg. Co.*, 88 A.D.2d 1081, 452 N.Y.S.2d 724 (3d Dep't 1982). The statute sets forth various grounds for long-arm jurisdiction. For instance, under C.P.L.R. 302(a)(1), an out-of-state defendant may be sued in New York if it "transacts any business within the state or contracts anywhere to supply goods or services in the state." It is well-settled that while telephone and mail contacts generally do not constitute "transacting business" under New York's long-arm statute, see *Fiedler v. First City National Bank*, 807 F.2d 315, 317 (2d Cir.1986), in certain circumstances jurisdiction may be predicated on a transaction conducted by means of telephone calls, faxes, and the acts of an in-state agent; physical presence in the state is not required. *See Parke–Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (N.Y.1970); *Camel Invs. Ltd. v. Transocean Capital [Bermuda] Ltd.*, 195 A.D.2d 533, 600 N.Y.S.2d 471 (2d Dep't 1993). The key inquiry is whether Defendant purposefully availed itself of the benefits of New York's laws, and courts must look to the substance of the communications.

In *Parke–Bernet*, 26 N.Y.2d at 17, 308 N.Y.S.2d 337, 256 N.E.2d 506, the defendant Franklyn, a resident of California, made one phone call in which he received and transmitted bids in an art auction being held in New York City. In sustaining jurisdiction, the New York Court of Appeals noted that the circumstances fell between "the situation where a defendant was physically present at the time the contract was made—the clearest sort of case in which our courts would have 302 jurisdiction—and the situation where a defendant merely telephones a single order from outside the State—a case in which our courts would not have such jurisdiction." *Id.* (citations omitted). Although he never entered the state, personal jurisdiction was appropriate over Franklyn because he "projected himself into the auction room in order to compete with the other prospective purchasers who were there." *See id.*, 26 N.Y.2d at 18, 308 N.Y.S.2d 337, 256 N.E.2d 506. Similarly, in *CT Chemical (USA), Inc. v. Horizons Int'l*, 106 F.R.D. 518, 519–20 (S.D.N.Y. 1985) (Sweet, J.), the defendant negotiated two contracts over the telephone and through the mail. The court, relying primarily on the reasoning in *Parke–Bernet*, found defendant's telephone and mail contacts sufficient to confer jurisdiction under C.P.L.R. 302(a)(1). *See id.* at 521–22.

Here, Defendant admits to having engaged in numerous telephone conversations with Plaintiff's representative in New York, as well as a visit by one of its principals to New York, on matters related to this transaction. The negotiation of the contract underlying this dispute took place in large measure by phone. Significantly, Plaintiff's purchase orders were mailed and faxed from this state, and the product ordered was to be delivered here. This

contract was therefore negotiated and offers exchanged in New York. Furthermore, Defendant purposefully engages in business activity with New York customers and services accounts on a continuous basis. Defendant therefore has sufficient contacts with this state under C.P.L.R. 302(a)(1) to provide this Court with personal jurisdiction.

Plaintiff further argues that the court has personal jurisdiction over Defendant under C.P.L.R. 302(a)(3) because Defendant committed a tortious act without the state causing injury to Plaintiff in New York. The threshold test under this provision, requires a tortious act committed outside the state and an injury to the plaintiff within the state. It must also be shown that the defendant regularly does business in or derives substantial revenue from New York, under C.P.L.R. 302(a)(3)(i); or that the consequences of the defendant's activities in New York were foreseeable and that the defendant derives substantial revenue from interstate or international commerce, under C.P.L.R. 302(a)(3)(ii). In the Court's estimation, Defendant's contacts with New York customers satisfy those prerequisites, and Defendant is therefore subject to personal jurisdiction on the bases of both C.P.L.R. 301(a)(1) and 301(a)(3).

### B. Motion to Dismiss for Improper Venue

[9] Defendant next moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(3) on the basis of improper venue. For the reasons stated below, however, the Court finds that venue is proper in the Northern District of New York pursuant to § 1391(a)(2). The Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, the venue statute applicable to this action is 28 U.S.C. § 1391(a), which provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

■■■ Because venue is challenged, Plaintiff bears the burden of proving that venue is proper in the chosen forum. *See ESI, Inc. v. Coastal Power Prod. Co.*, 995 F.Supp. 419, 424 (S.D.N.Y.1998); *PI Inc. v. Quality Prods., Inc.*, 907 F.Supp. 752, 757 (S.D.N.Y.1995). Here, Defendant argues that §§ 1391(a)(1) and (2) establish that venue is proper in the Eastern District of Pennsylvania, thus precluding the applicability of § 1391(a)(3), which looks to where the parties are subject to personal jurisdiction. Defendant errs.

Witnesses abound in this case in both Pennsylvania and New York, the product was to be delivered here, Plaintiff's purchase orders originated in New York, and various issues relating to the transaction were negotiated in this state. Plaintiff has therefore established sufficient grounds to uphold venue in this district.

### C. Motion to Transfer the Case

Upon full consideration of the record and applicable law, for substantially the same reasons set forth above, this motion is denied. Trial will occasion inconvenience on all parties, and Defendant has not demonstrated why its inconvenience predominates.

### D. Motion to Dismiss Plaintiff's Second Claim

■■■ Plaintiff's first cause of action is for breach of contract, and the second

pleads negligent performance in the alternative.

An action in negligence or strict products liability seeks to redress injuries to persons or property. When compensation is sought for purely economic loss, the usual means of redress is an action for breach of contract, to give the parties the benefit of their bargain. *See County of Suffolk v. Long Island Lighting Co.,* 728 F.2d 52, 63 (2d Cir.1984). New York law holds that a negligence (or strict products liability) action seeking recovery for economic loss will not lie. *Id.* at 62; *see Antel Oldsmobile–Cadillac, Inc. v. Sirus Leasing Co.,* 101 A.D.2d 688, 475 N.Y.S.2d 944, 945 (4th Dep't 1984); *Mid–Hudson Mack, Inc. v. Dutchess Quarry & Supply Co.,* 99 A.D.2d 751, 471 N.Y.S.2d 664, 666–67 (2d Dep't 1984). The one exception to this rule is a contract for the provision of services. *See Ajax Hardware Mfg. Corp. v. Industrial Plants Corp.,* 569 F.2d 181, 185 (2d Cir.1977) ("[n]egligent performance of a contract may give rise to a claim sounding in tort as well as one for breach of contract"). Plaintiff alleges no personal injury whatsoever; the second claim essentially seeks to recoup the contract damages. Accordingly, Plaintiff's second claim does not lie since New York law does not permit recovery of economic loss in contracts for the sale of goods.

### E. Motion to Dismiss Plaintiff's Third Claim

Plaintiff's third claim asserts Defendant breached its implied duty of good faith and fair dealing. It is clear under New York law that "parties to an express contract are bound by an implied duty of good faith" and fair dealing. *Fasolino Foods Co., Inc. v. Banca Nazionale del Lavoro,* 961 F.2d 1052, 1056 (2d Cir. 1992). It is also clear that a claim for breach of an implied duty of good faith and fair dealing is a "breach of the underlying contract," not a tort claim. *See Fasolino Foods Co.,* 961 F.2d at 1056; *Durham Indus., Inc. v. North River Ins. Co.,* 673

F.2d 37, 41 (2d Cir.1982) (reasoning that punitive damages are not available for breach of the implied duty of good faith and fair dealing). The claim for breach of the implied duty of good faith and fair dealing cannot stand alone, but is subsumed within the breach of the underlying contract.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant's motion to dismiss the complaint for lack of personal jurisdiction is DENIED;

ORDERED that Defendant's motion to dismiss the complaint for improper venue is DENIED;

ORDERED that Defendant's motion to transfer the case to the Eastern District of Pennsylvania is DENIED;

ORDERED that Defendant's motion to dismiss Plaintiff's second claim for failure to state a claim is GRANTED;

ORDERED that Defendant's motion to dismiss Plaintiff's third claim for failure to state a claim is GRANTED; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.